In re Rita Joyce VAN GORKOM, Soc. Sec. # 529–58–7149, Debtor.

**SIOUX FALLS VETERANS ADMINIS-TRATION EMPLOYEES FEDERAL CREDIT UNION, Plaintiff,**

v.

**Rita Joyce VAN GORKOM, Defendant.**

**Bankruptcy No. 480–00013.**
**Adversary No. 480–0016.**

United States Bankruptcy Court, D. South Dakota.

June 20, 1980.

W. H. Ranney, Sioux Falls, S. D., for plaintiff.

Roger A. Schiager, Sioux Falls, S. D., for defendant.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Debtor filed her Chapter 7 Petition and Schedules on January 16, 1980. On February 19, 1980, the Sioux Falls Veterans Administration Employees Federal Credit Union, hereinafter referred to as Creditor, filed a Complaint Objecting to Exemptions. Creditor alleged that Debtor improperly applied 11 U.S.C. Section 522(f) to avoid a lien on a 1977 Sears freezer worth $100.00. Creditor further alleged that property subject to a lien may be claimed as exempt, but only the unencumbered portion of the property is to be counted on in computing the value of the property for the purpose of the exemption.

### FACTS

The Bankruptcy Court held a trial on the above matter on March 28, 1980, at which time the case was taken under advisement pending the submission of briefs by the parties. This Bankruptcy Court gave Creditor 21 days to file its brief. The 21 days expired without Creditor filing its brief.

At the trial on March 28, 1980, the parties stipulated to the following facts: That Creditor has a nonpossessory, nonpurchase-money security interest in a 1977 model Sears Coldspot freezer worth $100.00. Debtor owes $836.66 on the loan made by Creditor to Debtor. Debtor has claimed the property as exempt under 11 U.S.C. Section 522(d)(3). Debtor has requested this Court to avoid the lien pursuant to 11 U.S.C. Section 522(f).

### ISSUES

The issues presented to this Court are: (1) Whether a debtor can claim an exemption in property subject to a lien greater than the value of the property; and (2) Whether a debtor can avoid a lien under 11 U.S.C. Section 522(f) when the lien is greater than the value of the exempt property.

### (1) CLAIMING EXEMPTIONS

The first issue necessary for the Court to decide is whether a debtor can claim an exemption in property subject to a lien greater than the value of the property.

Debtor has claimed the Sears freezer, worth $100.00, as exempt under 11 U.S.C. Section 522(d)(3), which provides that:

"(d) The following property may be exempted under subsection (b)(1) of this section:

(3) The debtor's interest, not to exceed $200.00 in value in any particular item, in household furnishings, household goods, . . . appliances, . . . that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor."

Creditor argues that since the lien exceeds the value of the property Debtor has no interest in the freezer and thus cannot claim an exemption. Creditor relies on a cite from S.Rep.No.989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787, where it was stated that

"Property may be exempted even if it is subject to a lien, but only the unencumbered portion of the property is to be counted in computing the "value" of the property for the purposes of exemption."

This Bankruptcy Court holds that although Debtor has no equity in the freezer, Debtor does have an *interest* in the freezer and is entitled to claim it as exempt. This Court believes Congress did not intend the word "interest" to be used interchange-

ably with the word "equity". If it had been the intent of Congress to allow the Debtor to exempt property only where the Debtor has equity in the property, Congress would have so stated.

The statement from the legislative history relied upon by Creditor cannot be made to stand for the proposition that a debtor can only exempt property if the debtor has equity in the property. Rather, the statement means exactly what it says. It was the intent of Congress to allow a debtor exemptions in property up to certain amounts. Only the unencumbered portion of the property, in other words any equity the debtor might have in the property, is to be used for the purpose of determining when a debtor has used up his exemptions. If a debtor claims an exemption in property in which he has no equity, there is no reduction in the amount of his exemptions.

Debtor claims a 1977 Sears freezer worth $100.00 as exempt under 11 U.S.C. Section 522(d)(3). The lien against the freezer is in the amount of $836.66. Although Debtor has no equity in the property, this Bankruptcy Court holds that Debtor is entitled to claim the freezer as exempt under 11 U.S.C. Section 522(d)(3).

### (2) LIEN AVOIDANCE

The next issue presented to the Court is whether a debtor can avoid a lien under 11 U.S.C. Section 522(f) when the lien is greater than the value of the exempt property.

11 U.S.C. Section 522(f) allows a debtor to ". . . avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, . . . appliances, . . that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;"

Debtor and Creditor have stipulated that Creditor has a nonpossessory, nonpurchase-money security interest in the freezer which has been claimed by Debtor. This Court, based on information supplied at the trial on March 28, 1980, finds that the freezer is an appliance held primarily for the household use of Debtor.

Creditor argued at the trial that a bankruptcy court cannot prevent enforcement of a lien on exempt property. In so arguing Creditor relied upon statements in S.Rep. No.989, 95th Cong., 2d Sess., 76 (1978), U.S. Code Cong. & Admin.News 1978, p. 5862, which read as follows:

"The bankruptcy discharge does not prevent enforcement of valid liens. The rule of *Long v. Bullard*, 117 U.S. 617 [6 S.Ct. 917, 29 L.Ed. 1004] (1886), is accepted with respect to the enforcement of valid liens on nonexempt property as well as on exempt property. cf. *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 583 [55 S.Ct. 854, 860, 79 L.Ed. 1593] (1935)."

This Court was greatly interested in how Creditor, in its brief, would apply the two cases to stand for the proposition that a debtor cannot avoid a lien on property which is claimed as exempt to the extent of her allowed exemption. Since Creditor failed to submit its brief, this Court will have to rely on its own understanding of the cases and the rule that the cases stand for.

This Bankruptcy Court holds that, pursuant to 11 U.S.C. Section 522(f), a debtor can avoid a lien on exempt property but only to the extent of the allowed exemption. A creditor's lien remains to the extent that the market value of the property exceeds the allowed exemption. 3 Collier on Bankruptcy, 15th Ed., Section 522.29 at 522–68 notes that:

"When the debtor avoids the fixing of a lien, pursuant to section 522(f), however, the lien is avoided only to the extent of the exemption, and the value of the lien that exceeds the amount that is exempted may still be enforced by the creditor."

For example, if the debtor chose to avoid a lien of $1,000.00 on property worth $500.00 and claimed as exempt under 11 U.S.C. Section 522(d)(3), and assuming debtor has used up all his other exemptions, then the debtor would be allowed to avoid the lien but only to the extent of $200.00, and the creditor would still have a lien for $300.00 on the property.

This Bankruptcy Court holds that the correct rule the two above mentioned cases stand for is that where the value of the property is greater than allowed exemption, and debtor avoids a creditor's lien to the extent of the exemption, a creditor cannot be prevented from enforcing the remainder of his lien.

Debtor, pursuant to 11 U.S.C. Section 522(f), has requested this Court to avoid Creditor's lien of $836.66 on property claimed by Debtor as exempt under 11 U.S.C. Section 522(d)(3) and worth only $100.00.

This Bankruptcy Court grants Debtor's request and avoids Creditor's lien of $836.66 entirely since the exemption allowed under 11 U.S.C. Section 522(d)(3) exceeds the value of the freezer.

Debtor's counsel shall submit an Order consistent with the foregoing. This Memorandum Decision will constitute Findings of Fact and Conclusions of Law.