**In re James H. KURSH and Mary V. Kursh, Debtors.**

**James H. KURSH and Mary V. Kursh, Plaintiffs,**

v.

**DIAL FINANCE COMPANY OF MISSOURI, Defendant.**

**Bankruptcy No. 80–03411–1.**

**Adv. No. 81–0069–1.**

United States Bankruptcy Court, W. D. Missouri, W. D.

March 12, 1981.

Robert Schollars, Kansas City, Mo., for defendant.

Vance Preman, Kansas City, Mo., for debtors/plaintiffs.

ORDER AVOIDING LIEN

FRANK P. BARKER, Jr., Chief Judge.

This is an action to avoid a non-purchase money lien on household goods under 11

U.S.C. § 522(f) in which the debtor has no equity. At the trial both parties were represented by counsel and the following facts were stipulated:

(1) Dial was granted a security interest in the debtor's household goods listed below on September 28, 1979:
 (a) living room suite
 (b) two tables
 (c) two lamps
 (d) refrigerator
 (e) stove
 (f) two bedroom suites;

(2) Dial's lien was perfected on October 2, 1979 but is a non-purchase money lien;

(3) The balance due is $3,959.00;

(4) The household goods are worth far less than the debt but qualify as exempt property under § 522(d)(3);

(5) The Bankruptcy Code of 1978 was signed into law by the President on November 6, 1978 to become effective on October 1, 1979.

Defendant Dial presents two issues in its objection to allowing lien avoidance under the above facts:

(1) "Whether the debtors who have no interest in the items mortgaged can be permitted to have lien avoidance; and

(2) Whether § 522 of the Code is constitutional when applied to a contract dated before November 1, 1979 (sic) in view of the due process clause of the Fifth Amendment prohibiting the taking of property without just compensation."

Dial's first objection is based on its interpretation of the phrase "the debtor may avoid the fixing of a lien *on an interest* of the debtor in property . . . ." It equates the word "interest" with "equity" and argues that since the debtors have no *equity* in the encumbered household goods, they have nothing upon which to claim an exemption, *ergo*, they cannot avoid the fixing of Dial's lien.

In support of this argument, Dial cites *Miller v. Peoples Bank of Miller*, 8 B.R. 43 (Bkrtcy.1980), decided by Bankruptcy Judge Stewart of this Court, on November 28, 1980. Judge Stewart in the *Miller* case and in *Lovett v. Beneficial Finance Company*, No. 80–01729–SJ, on December 16, 1980, —— B.R. —— (Bkrtcy.1980), has ruled that when the balance due on the secured indebtedness exceeds the value of the security, there is no equity and that lien avoidance is improper. The *Lovett* case is now on appeal.

I must respectfully disagree with Judge Stewart's conclusions. In my opinion one begins with § 541 which now brings all the debtor's property, legal or equitable, exempt or non-exempt, mortgaged or unmortgaged, into the estate. The definition of "property of the estate" is sweeping and far different than the title of the trustee under § 70(a) of the Bankruptcy Act.

The next step to be taken by the debtor is to claim his exemptions, but before he can claim mortgaged household goods out of the property of the estate, he must file a complaint to avoid "the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b)" of § 522.

This is only one of the debtor's avoiding powers. See 11 U.S.C. § 522(g), (h) and (i) for example.

If upon trial the property qualifies as exempt property and as in the case at bar, the lien is a non-possessory, non-purchase money lien, it can be avoided up to the maximum value permitted—here a minimum of $200 per item of household goods. It follows that if the stove, refrigerator, etc., are of less value than $200 per item, the debtor retains the item free and clear of the lien. It also follows that if the value exceeds the authorized exemption, the lien remains fixed on the excess.

This Court has found no reported decisions to support the conclusion reached in *Miller* and *Lovett.*

On the contrary, the following cases all support the avoidance of the lien regardless

of whether or not the debtor has an equity in the property:

*In re Hill,* 4 B.R. 310 (Bkrtcy.N.D.Ohio, 1980)

*Matter of Boozer,* 4 B.R. 524 (Bkrtcy.N.D. Ga.1980) (additional exemption of $400 under § 522(d)(5) can be used by debtor on top of $200.)

*In re Van Gorkom,* 4 B.R. 689 (Bkrtcy.D. S.D.1980)

*In re Curry,* 5 B.R. 282 (Bkrtcy.N.D.Ohio, 1980) (This case is excellent for its analysis of the legislative history behind § 522 as well as the constitutionality of such section.)

*In re Dubrock,* 5 B.R. 353 (Bkrtcy.W.D. Ky.1980)

See also the following case related to the avoidance of a judicial lien under § 522:

*In re Butler,* 5 B.R. 360 (Bkrtcy.D.Md. 1980)

The following cases do not discuss whether it is only the "equity interest" on which a lien can be avoided but generally it is obvious from a reading of the case that there was no equity in the property:

*Matter of Cox,* 4 B.R. 240 (Bkrtcy.S.D. Ohio, 1980)

*In re Scott,* 5 B.R. 37 (Bkrtcy.M.D.Pa. 1980)

*Matter of Beard,* 5 B.R. 429 (Bkrtcy.S.D. Iowa 1980)

*In re Coronado,* 7 B.R. 53 (Bkrtcy.D.Ariz. 1980)

*In re Krulik,* 6 B.R. 443 (Bkrtcy.M.D. Tenn.1980)

*Matter of Pockat,* 6 B.R. 24 (Bkrtcy.W.D. Wisc.1980)

*In Matter of Primm,* 6 B.R. 142 (Bkrtcy. D.Kan.1980), seven (7) cases involving lending institutions were consolidated. While the issue presented was the constitutionality of § 522(f), the result was an order avoiding all the liens even though there was no equity in the household goods of the debtors.

The genesis of § 522(f) is found in the Report of the Commission of Bankruptcy Laws, ". . . . the Commission recommends that non-purchase money security interests in wearing apparel, household goods and health aids be unenforceable against *property* allowed to the debtor as exempt." (emphasis mine) H.R.Doc.No. 93–137, 93d. Cong., 1st Sess., (1973) at page 173.

As stated in *Hill* at page 315:

"Congress enacted 11 U.S.C. Section 522(f) to protect the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 362 (1977); S.Rep.No. 95–989, 95th Cong., 2nd Sess., 76 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. Congress looked to the practice of creditors with judicial liens and nonpurchase money security interests under the Bankruptcy Act and concluded that these creditors had an unfair advantage over the debtor. Congress intended that the debtor use the avoiding power under Section 522(f) of the Bankruptcy Code, to eliminate this unfair advantage. The purpose of Section 522(f) of the Bankruptcy Code is stated in the following excerpt from the House of Representatives Report:

In addition, the bill gives the debtor certain rights not available under current law with respect to exempt property. The debtor may void any judicial lien on exempt property, and any non-purchase money security interest in certain exempt property such as household goods. The first right allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor.

If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions. The second right will be of more significance for the average consumer debtor. Frequently, creditors lending money to a consumer debtor take a security interest in all of the debtor's belongings and obtain a waiver by the debtor of his exemptions. In most of these cases, the debtor is unaware of the conse-

quences of the forms he signs. The creditor's experience provides him with a substantial advantage. If the debtor encounters financial difficulty, creditors often use threats of repossession of all the debtor's household goods as a means of obtaining payment.

In fact, were the creditor to carry through on his threat and foreclose on the property, he would receive little, for household goods have little resale value. They are far more valuable to the creditor in the debtor's hands, for they provide a credible basis for the threat, because the replacement costs of the goods are generally high. The creditors rarely repossess, and debtors, ignorant of the creditor's true intentions, are coerced into payments they simply cannot afford to make.

The exemption provision allows the debtor, after bankruptcy has been filed, and creditor collection techniques have been stayed, to undo the consequences of a contract of adhesion, signed in ignorance, by permitting the invalidation of nonpurchase money security interests in household goods. Such security interests have too often been used by over-reaching creditors. The bill eliminates any unfair advantage creditors have. H.Rep.No. 95–595, 95th Cong., 1st Sess. 126–27 (1977), U.S.Code Cong. & Admin.News 1978, 6087–6088.

The Commission on the Bankruptcy Laws of the United States, which studied the practice of bankruptcy under the Bankruptcy Act and proposed many of the new provisions of the Bankruptcy Code, stated in its report to Congress that:

> Subdivision (f) avoids one of the means by which the policy of Section 6 of the Act (the exemption section) was frustrated. Exemptions under this section cannot be affected by judicial liens or agreements other than an indefeasible security agreement. H.R.Doc.No. 93–137, 93d Cong., 1st Sess. Pt. II (1973)."

■ It is my conclusion as indicated by the legislative history and the cases above cited that § 522(f) permits the debtor to avoid a non-purchase money security interest "to the extent that the property could have been exempted in the absence of the lien." H.R.Rep.No. 595, 95th Cong., 1st Sess., 362 (1977) and S.Rep.No. 989, 95th Cong., 2d Sess. 76 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787 (under subsection (e)).

■ Dial's constitutional objection is also overruled. See en banc opinion *Matter of Baker*, 5 B.R. 397 (Bkrtcy.W.D.Mo.1980). See also the recent decision of the Tenth Circuit Court of Appeals (*In re Rodrock*—7 cases consolidated) dated March 2, 1981, 642 F.2d 1193, which held only that liens attaching before November 6, 1978 could not be avoided under § 522(f) as such would be in violation of the Fifth Amendment. Dial's lien was not perfected until October 2, 1979.

The non-possessory, non-purchase money lien of Dial Finance Company on the household goods of the debtors is avoided under 11 U.S.C. § 522(f).