In the Matter of Hershel Lee LOVETT and Margie Ann Lovett, Debtors.

Hershel Lee LOVETT and Margie Ann Lovett, Appellants,

v.

BENEFICIAL FINANCE CO., Appellee.

Bankruptcy No. 80–01729–SJ.

Civ. No. 81–6007–CV–SJ.

United States District Court, W. D. Missouri, St. Joseph Division.

March 17, 1981.

Hugh A. Miner, St. Joseph, Mo., for debtors/appellants.

Steven C. Effertz, St. Joseph, Mo., for appellee.

## ORDER AFFIRMING FINAL JUDGMENT DENYING PLAINTIFFS' COMPLAINT FOR LIEN AVOIDANCE

SACHS, District Judge.

This case involves a controversial new section of the Bankruptcy Code. On December 16, 1980, Bankruptcy Judge Stewart ruled for the defendant finance company on the debtors' complaint for lien avoidance with respect to non-purchase-money security interests in certain household and personal property. Debtors sought relief under § 522(f) of the Code, as enacted in 1978. The loan was made in August, 1977, and the security agreement was concurrently executed by the debtors. On review by this Court, the judgment will be affirmed, but for reasons which reject portions of Judge Stewart's rationale.

The statutory language permits avoidance of "the fixing of a lien on an interest of the debtor in (certain) property..." 11 U.S.C. § 522(f). As early as August, 1980, in an order in a companion case, Judge Stewart indicated that relief from liens under the cited section is available only to debtors who have an equity in the personal property, over and beyond the amount of the debt. In his initial final ruling on the subject, in *Miller v. Peoples Bank of Miller*, 8 B.R. 43, pages 46–47 (W.D.Mo., 1980), show Judge Stewart's very strong reserva-

tions about the constitutionality of any construction giving a debtor protection on more than his equity in the property. The ruling states that an "interest" in property is necessarily confined to an "equity" in the property. The meaning is said to be clear and unambiguous.

In this case, as in others, ambiguity may be in the eyes of the beholder. In my view it is safer and sounder to hold that a debtor does have an "interest" even in his fully encumbered property. Such a view was stated last week by Chief Bankruptcy Judge Barker of this District, whose opinion accepts the overwhelming weight of fast-developing precedent on this subject. *Kursh v. Dial Finance Company of Missouri*, 9 B.R. 801 (W.D.Mo., 1981). But again following a very recent precedent, I conclude that Judge Stewart reached the right result in this case, in that his constitutional scruples have been validated by the Court of Appeals for the Tenth Circuit, which has just held that § 522(f) may not be invoked by debtors seeking relief from liens imposed prior to the November 6, 1978 date of the Presidential signature on the Code.[1] *Rodrock v. Security Industrial Bank*, 642 F.2d 1193 (10th Cir. 1981). See *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 589–590, 55 S.Ct. 854, 863–864, 79 L.Ed. 1593 (1935). Compare *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 98 S.Ct. 2716, 57 L.Ed.2d 727 (1978), which suggests a renewed tendency toward protecting "vested rights" in Contract Clause cases, where legislative discretion has normally been given wide scope.

Judge Stewart's limitation of the phrase "interest of the debtor in the property" to the debtor's "equity" in the property, appears to rest, as a matter of construction, on legislative history which does, at one

---

[1] The three Bankruptcy Judges for this District had previously announced that, until appellate rulings were available, they would observe the presumption of constitutionality of retrospective application of the lien-avoidance section. *Matter of Baker*, 5 B.R. 397 (Bkrtcy.W.D.Mo. 1980). It is my view that *Rodrock* is sufficiently authoritative and persuasive so that it should supersede *Baker*. *Oppenheimer v. United States*, 220 F.Supp. 194 (W.D.Mo.1963); *Homan v. United States*, 279 F.2d 767 (8th Cir. 1960). Rather than now begin a practice of summarily rejecting avoidance of liens created before November 6, 1978, the Bankruptcy Judges may prefer to stay avoidance proceedings pending Supreme Court consideration of *Rodrock* or a possible Eighth Circuit ruling on the *Rodrock* issue.

point, refer to an equity interest as an "interest". The pertinent sentence, explaining another section of the Code relating to exemptions, states: "Thus, for example, if a debtor owned a $2,000 car, subject to a $1,200 lien, the debtor could exempt his $800 interest in the car." In the quoted sentence it is stated that the "debtor owned a $2,000 car," thus implying that the debtor had some property interest in the *entire* car. While the equity is thus an "interest," it is not necessarily the only interest of the debtor in the property.

In light of the statutory objectives and history of the section, as recited in the *Kursh* opinion, and the many citations of cases construing the section contrary to the construction by Judge Stewart in this case and in *Miller*, I must respectfully disagree with Judge Stewart and conclude that a debtor has an interest in property, under § 522(f), even though the creditor's loan may exceed the amount of the security.

I therefore necessarily reach the constitutional issue and affirm the Bankruptcy Court ruling in favor of the creditor because of the *Rodrock* holding barring use of § 522(f) to avoid liens created prior to November 6, 1978. In so doing I note that Judge Stewart's construction of the statute was clearly influenced by the "hydraulic pressure" of his constitutional scruples. Those scruples have turned out to be perceptive, under *Rodrock*.[2]

It is therefore ORDERED that the judgment of the Bankruptcy Court is hereby affirmed.

---

2. It is possible, of course, that the Supreme Court will reverse *Rodrock* or that the Court of Appeals for the Eighth Circuit will disagree with *Rodrock*. The latter possibility is somewhat unlikely, given the strength of the *Ro-* *drock* ruling and the Eighth Circuit practice, noted in *Homan*, supra, of following a ruling of another circuit unless "clearly convinced that it is wrong." 279 F.2d at 773.