**In the matter of Harold K. COLE, Debtor.**

**Harold K. COLE, Plaintiff,**

**v.**

**BENEFICIAL FINANCE CO., Defendant.**

**Bankruptcy No. 81–02968–SW.**
**Adv. No. 81–0161–SW.**

United States Bankruptcy Court,
W. D. Missouri,
Southwestern Division.

April 14, 1981.

R. J. Gordon, Pineville, Mo., for plaintiff.

FINAL JUDGMENT GRANTING PLAINTIFF'S COMPLAINT FOR LIEN AVOIDANCE EXCEPT AS TO FIREARMS

DENNIS J. STEWART, Bankruptcy Judge.

The debtor has brought this adversary action for the purpose of avoiding the de-

fendant's lien on the debtor's household goods under section 522(f) of the Bankruptcy Code. The defendant filed an answer to the complaint in which, in part, it objected to the reopening of the debtor's case for the purpose of this lien avoidance action. Therefore, the court set a hearing for March 20, 1981, in Joplin, Missouri. The plaintiff then appeared by R. J. Gordon, Esquire, his counsel, and the defendant appeared by Richard Beydler.

Thereupon, the defendant, although granted an explicit opportunity to do so, showed no reason why the bankruptcy case should not be reopened for the purpose of determining the lien avoidance action. Therefore, the bankruptcy case will be reopened for that purpose.

On the merits of the complaint for lien avoidance, the defendant sought first to raise the defense that the debtor has no equity interest in the property on which the lien is sought to be avoided. The defendant would thus equate "interest of the debtor" within the meaning of section 522(f) with "equity interest," just as this court has previously held in *Miller v. Peoples Bank of Miller*, 8 B.R. 43 in proceedings under chapter 7 of the Bankruptcy Code (W.D.Mo. Bkrtcy.1980).[1] The rule of the *Miller* decision, however, was expressly overruled by the district court on March 17, 1981, in *In re Lovett*, 11 B.R. 123 (W.D.Mo.1981). In that case, the district court held that the phrase, "interest of the debtor," is not the equivalent of "equity interest."[2] In so holding,

1. As was noted by this court in its earlier decision in *Miller v. Peoples Bank of Miller*, In proceedings under chapter 7 of the Bankruptcy Code No. 80–00778–SW (W.D.Mo.Bkrtcy Nov. 27, 1980), the lone portion of the Code which appears to be unambiguous on the meaning of the "interest of the debtor" upon which a lien may be avoided is the following legislative history under section 722 of the Code:

"(F)or example, if a debtor owned a $2000 car, subject to a $1,200 lien, the debtor could exempt his $800 interest in the car ..."

As analyzed in *Miller, supra*, "(t)his explicative material makes it clear that the debtor entitles himself to exemption from a lienholder's rights as a secured creditor ... only to the extent that he has paid for, and thus has an equity interest in, that property." The district court's analysis in the *Lovett* case is as follows:

"Judge Stewart's limitation of the phrase 'interest of the debtor in the property' to the debtor's 'equity' in the property, appears to rest, as a matter of construction, on legislative history which does, at one point, refer to an equity interest as an 'interest'. The pertinent sentence, explaining another section of the Code relating to exemptions, states: 'Thus, for example, if a debtor owned a $2,000 car, subject to a $1,200 lien, the debtor could exempt his $800 interest in the car.' In the quoted sentence it is stated that the 'debtor owned a $2,000 car,' thus implying that the debtor had some property interest in the *entire* car. While the equity is thus an 'interest,' it is not necessarily the only interest of the debtor in the property."

But the exemptable interest is, within the meaning of section 522(f), the only interest upon which a lien may be avoided. That section explicitly provides for lien avoidance only "to the extent that such lien impairs an exemp-

tion to which the debtor would have been entitled."

2. In *Lovett*, the district court also supported its decision by the "light of the statutory objectives and history of the section, as recited in ... *Kursh* (*v. Dial Finance Company of Missouri*, 9 B.R. 801 (W.D.Mo.1981)) ..., and the many citations of cases construing the section contrary to the construction by Judge Stewart in this case and in *Miller* ..." With due respect, however, it must be said that the analysis of the purposes of the Code in the *Kursh* case, *supra*, does not demonstrate that the *Miller* delimitation of "interest of the debtor" to "equity interest" to be incorrect. For merely saying so does not make it so; and the analysis there contained does not say much more than that. Nor is there anything in the passage there quoted from *In re Hill*, 4 B.R. 310 (N.D. Ohio 1980), which indicates that the correct decision was not reached in the *Miller* decision. The animadversion expressed in *Hill* and other decisions and authorities concerning the overreaching creditor (and to which the *Kursh* opinion chiefly devotes its reasoning) was previously dealt with by this court in *Miller, supra*, as follows:

"(I)t is unjust and senseless to make all creditors give up their property interests for the sins of a minority of them. This is especially so when the evils to be protected against are sufficiently protected under the general law which refuses enforcement to unconscionable contracts and contracts of adhesion. And finally, there is nothing in the legislative history thus adverted to which unambiguously warrants lien avoidance without regard to the existence of an equity in the property for the debtor ..."

The "many citations of cases" in the *Kursh* opinion generally include decisions which do

not rule on the question of the meaning of "interest of the debtor" and from which it could not be ascertained whether or not the debtor in fact had any equity in the property. *In re Coronado*, 7 B.R. 53 (D.Ariz.1980) (liens were avoided on the grounds that they were not purchase money security interests and that they were based upon an unconscionable security agreement. No consideration was undertaken of the meaning of "interest of the debtor," nor do the facts found reveal whether there was a presence or absence of equity in the property subject to the liens); *Matter of Primm*, 6 B.R. 142 (D.Kan.1980) (this case concerns itself solely with the constitutionality of section 522(f). The facts recited in the opinion do not rule out the existence of an equity interest which might be the subject of the lien avoidance); *In re Krulik*, 6 B.R. 443 (M.D.Tenn. 1980), (the court did not undertake any consideration of the meaning of "interest of the debtor," nor do the facts found reveal whether there was an equity interest in the property in which the lien was avoided); *In re Hill, supra; Matter of Boozer*, 4 B.R. 524 (N.D.Ga.1980) (the court only noted "that this section has been strictly construed by the courts" and that "plaintiffs may avoid Defendant's lien to the extent the lien impairs the exemptions to which Plaintiffs are entitled under Section 522(b) of the Bankruptcy Code." The suggestion that the exemption can apply only to certain limits of value does not rule out the co-existing requirement that, in order to avoid the lien, an equity interest to that extent also be held by the debtor.); *In re Curry*, 5 B.R. 282 (N.D.Ohio 1980) (the decision is that the lien avoidance statute may base itself on state exemptions. Again, the question of what interest of the debtor is necessary for lien avoidance is not addressed); *In re Dubrock*, 5 B.R. 353, 355 (W.D.Ky. July 28, 1980) (this decision in part holds that a "lien may be avoided only to the extent of the debtor's allowable exemption, with the remainder of the lien being otherwise enforceable." As noted above, however, this ceiling on value does not rule out the other, co-existing limitation that the debtor have an equity interest to the extent that the lien is avoided); *Matter of Beard*, 5 B.R. 429 (S.D. Iowa 1980) (the case solely concerns itself with determining whether certain items can be described as "household goods." No facts are found or recited from which it could be determined whether there is any equity interest); *In re Scott*, 5 B.R. 37 (M.D.Pa.1980) (the question resolved in this case is only whether the security interest involved is a purchase money security interest. No facts are found or recited from which it could be concluded that there was no equity in the property on which the lien was avoided.); *In re Cox*, 4 B.R. 240 (S.D.Ohio 1980) (the only question resolved is whether state law can prevent lien avoidance. No facts are found or recited from which the presence or absence of an equity can be deduced.). Otherwise, the only case which directly holds that avoidance can be gauged by the value of the security is *In re Van Gorkom*, 4 B.R. 689 (S.D. 1980), which, as this court has previously noted in *Miller*, creates the doctrine *ex nihilo*, citing as authority only a passage from the legislative history which contradicts its ruling by stating that "only the unencumbered portion of the property is to be counted in computing the 'value' of the property for the purpose of the exemption."

Subsequent to the decision of this court in *Miller v. Peoples Bank of Miller, supra*, some published decisions have held that section 522(f) is to be construed to provide that a debtor may avoid a lien to the extent that he could have exempted the property in the absence of a lien. See *In re Boteler*, 5 B.R. 408 (S.D.Ala.1980), and *In re Farris*, 8 B.R. 186 (E.D.Tenn.1981), citing U.S.Code Cong. and Ad. News 1978, pp. 5787, 6318, to the effect that "(t)he debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien, and may similarly avoid a nonpurchase money security interest in certain household and personal goods." As it applies to judicial liens, the passage seems unambiguous. (As such, however, it may in most cases be surplusage because section 547 explicitly provides for avoidance of all judicial liens obtained within 90 days of the petition for relief.) Otherwise, the passage is ambiguous. And, in the light of that ambiguity, the definite and certain legislative history cited in *Miller* should govern the question. But, under the rule of the *Lovett* case, *supra*, it must currently be held otherwise.

Finally, it must be noted that, in *Miller, supra*, this court noted that, if section 522(f) were not held to apply only to the unencumbered portion of the property in accordance with the legislative history, then the constitutional prohibition against taking property for a private purpose and without just compensation might apply. This notion receives support both in the *Lovett* decision and in *In re Rodrock*, 642 F.2d 1193 (10th Cir. Mar. 2, 1981). Admittedly, the holding in those cases of unconstitutionality applied only to the retroactive application of section 522(f) prior to November 6, 1978. But, in *Rodrock, supra*, observations are made to the effect that "the application of Section 522(f)(2) which is sought by these debtors would result in a complete deprivation of the secured creditors' property rights" and that there is "a significant difference between a property interest and a contract, (with respect to which) the Constitution does not forbid impairment of the obligation of the latter." But, in this case, the court is bound by the prior decision of the court en banc in *In re Baker*, 5 B.R. 397 (W.D.Mo.Bkrtcy.1980), holding section 522(f) to be constitutional.

that court did not emphasize the unambiguous portion of the controlling legislative history and, rather, relied upon "many decisions" stated to have been decided contrary to *Miller, supra.* It is not, however, for this court to question the decision by which it must be bound. The defense based upon the *Miller* case, *supra*, must therefore be denied.

Nor does the defense of unconstitutionality apply to this action, in which the defendant's security interest admittedly was not perfected prior to October 1, 1979. See *In re Rodrock*, 642 F.2d 1193 (10th Cir. 1981), which holds section 522(f) to be unconstitutional with respect to liens perfected before the date of the new bankruptcy legislation. As to later dates, the court's prior decision in *In re Baker*, 5 B.R. 397 (W.D.Mo.Bkrtcy. 1980), holding section 522(f) to be constitutional, governs.

Finally, the defendant asserts that some of the goods to which the lien has attached are firearms and thus without the description of the types of property upon which liens may be avoided under section 522(f). With this contention the court must necessarily agree. It does not appear that firearms can arguably fall within any of the property described under section 522(f)(1) as property on which a lien may be avoided.[3] Therefore, as respects the firearms, the lien may not be avoided.

It is therefore, accordingly, for the foregoing reasons,

ADJUDGED that plaintiff's complaint for lien avoidance be, and it is hereby, granted except with respect to firearms and it is in that respect denied.[4]

---

3. In respect of the types of articles which may be included in lien avoidance, section 522 "has been strictly construed by the courts." *Matter of Boozer*, 4 B.R. 524, 527 (N.D.Ga.1980).

4. In respect to the other household and personal goods on which the defendant has a security interest, the lien must be regarded as avoided.