In re Robert Lawrence CHESANOW, M.D., Debtor.

Robert Lawrence CHESANOW, M.D., Plaintiff,

v.

W.H. SQUIRE COMPANY, INC., Defendant.

Robert Lawrence CHESANOW, M.D., Plaintiff,

v.

MERIDEN TRUST AND SAFE DEPOSIT COMPANY, Defendant.

Robert Lawrence CHESANOW, M.D., Plaintiff,

v.

MERIDEN MEDICAL CENTER ASSOCIATES, Defendant.

Bankruptcy No. 5–82–00398.
Adv. Nos. 5–82–0427 to 5–82–0429.

United States Bankruptcy Court, D. Connecticut.

Dec. 7, 1982.

MEMORANDUM AND ORDER
AVOIDING JUDICIAL LIENS

11 U.S.C. § 522(f)(1)

ALAN H.W. SHIFF, Bankruptcy Judge.

I.

In each of the above adversary proceedings, the plaintiff-debtor seeks to avoid judicial liens upon certain real property, identified in his complaint,[1] pursuant to 11 U.S.C. § 522(f)(1)[2] which are alleged to impair an exemption "to which the debtor would have been entitled under 11 U.S.C. § 522(b)(1)".[3] In each instance, service of the summons and notice of trial was made upon the named defendant, the plaintiff appeared for trial, but the defendant failed to appear or otherwise defend.

At trial, the plaintiff offered evidence that the fair market value of the subject premises was $69,500. It was further demonstrated that the current balance of the mortgages on the property is $87,300.00. The question before the court is whether Code section 522(f)(1) applies when there is no equity in the property to which the judicial liens attach.

Robert N. Reynolds, Hitt, Mihalakos, Sachner & Coleman, Cheshire, Conn., for plaintiff.

Brian T. Mahon, Weingand & Mahon, Meriden, Conn., for defendant, W.H. Squire Co., Inc.

John J. Bunce, Jr., Rocky Hill, Conn., for defendant, Meriden Trust and Safe Deposit Co.

II.

The plaintiff claims that he has made arrangements with the three mortgagees for the continued payment of those debts and argues that when he reduces those debts to the level that he has equity in the property, he should be able to apply his exemption to that property interest and thus avail himself of the fresh start intended by Congress. The plaintiff's claim is

---

1. The real property identified as 214 Cornwall Avenue, Cheshire Connecticut by the plaintiff is also claimed in Schedule B–4 of his petition as exempt under section 522(d)(1) to the extent of $7,500.00.

2. 11 U.S.C. § 522
   (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
     (1) a judicial lien . . .

3. 11 U.S.C. § 522
   (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—
     (1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize;

compatible with what I consider to be the better reasoned case authority on this subject.

A traditional approach to statutory construction is to analyze the language of a statute in the context of legislative intent on the assumption that the legislative branch chose particular words to accomplish a specific purpose. As stated by Judge Kaufman in *Rockefeller v. Commissioner of Internal Revenue,* 676 F.2d 35, 36 (2d Cir. 1982):

> In divining the meaning of statutory words, courts have long followed the principle that the legislature is the master, and that statutory interpretation therefore involves a search for evidence of legislative intent. As Justice Frankfurter aptly phrased it, "[t]he Court's task is to construe not English but congressional English." Since words are often empty vessels and legislative history does not always provide specific answers to questions concerning congressional intent, however, courts have recognized that in interpreting statutes they must do more than sift through pages of legislative history for evidence of the technical meaning ascribed to statutory words; judges should interpret statutes in ways that effectuate legislative purpose and avoid unnecessarily harsh and unfair results. (notes omitted.)

Here the language of Code section 522(f) states that debtors may "avoid the fixing of a lien on an *interest* of the debtor in property..." (emphasis added). It must be assumed that Congress intended to use the word "interest" in section 522(f). The word "interest" is not the substantive equivalent of the word "equity". Those words are not used interchangeably in the Code.[4] See *In re Van Gorkom,* 4 B.R. 689, 690–91, 6 B.C.D. 541, 542 (Bkrtcy.D.S.D.1980). The debtor may have an interest in property as to which he has no equity, as for example, the right of possession and the right to redeem. "While the equity is thus an 'interest', it is

not necessarily the only interest of the debtor in the property" *In re Lovett,* 11 B.R. 123, 125 (D.C.W.D.Mo.1981); *see also In re Kursh,* 9 B.R. 801, 7 B.C.D. 592 (Bkrtcy.W.D.Mo.1981).

Clearly Congress could have restricted lien avoidance under section 522(f) to any unincumbered portion of the debtor's property. Instead it is apparent that Congress chose to allow debtors broader avoiding power. This analysis is consistent with the legislative history of section 522.

> Subsection (e) [enacted as subsection (f)] protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. The debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien . . . .

S.Rep. No. 989, 95th Cong., 2d Sess. 76, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5862; *see also Pine v. Credithrift of America, Inc.,* 18 B.R. 711, 712 (D.C.E.D.Tenn.1982) ("Section 522 was enacted to provide sufficient exemptions to allow the debtor to maintain his dignity and support his family while starting down the road to financial recovery.")

■ Having established that the debtor's interest in property is not extinguished by his lack of equity therein, it follows that the debtor may claim an exemption in property as to which he has no equity since Code section 522(d)(1), which he employs in this case, refers to "the debtor's aggregate interest, not to exceed $7,500 in value, in real property..." *See In re Van Gorkom, supra,* 4 B.R. at 690, 6 B.C.D. at 542.

The question then is whether an exemption of an interest is *impaired* by a judicial lien when other unavoidable liens exceed the fair market value of the property. If so, that lien may be avoided by the debtor under section 522(f)(1).

---

4. See for example Code section 362(d). Under subsection (d)(1) cause for granting relief from the *automatic stay* provided by subsection (a) includes "lack of adequate protection of an *interest* in property..." (emphasis added) whereas the word *equity* was utilized to describe a more narrow relationship to property in subsection (d)(2)(A).

Where, as here, the interest exempted derives from the debtor's possession of his property, his contractual rights, vis-a-vis, his mortgage and his right to make mortgage installment payments and achieve an equity position in the future, the judicial liens impair that exemption and thus frustrate the debtor's congressionally mandated fresh start. Section 522(f) is intended to allow debtors to create equity by avoiding certain liens. *Pine v. Credithrift of America, Inc., supra,* at 713.

### III.

Accordingly, the judicial liens identified in each of these adversary proceedings are avoided in their entirety and judgment may enter to that effect.