**In re William L. RICKS, Debtor.**

**Bankruptcy No. 83–00174.**

United States Bankruptcy Court,
District of Columbia.

July 17, 1984.

Amy B. Robertson, Washington, D.C., for debtor.

Debra Barthel, Washington, D.C., for creditor Gladys Dorgett.

## OPINION

GEORGE FRANCIS BASON, Jr., Bankruptcy Judge.

This case came on for hearing on an objection by creditor Gladys Dorgett to the debtor's claim of exemptions. The objection is that the debtor's $4,256.00 claim of exemption in his residence exceeds the debtor's "aggregate interest" in the residence, under 11 U.S.C. § 522(d)(1), because

the amount claimed exempt exceeds the equity in the property and because the debtor has only a one-half undivided interest in the property.

According to counsel's representations at the hearing, Dorgett and the debtor own the property together as joint tenants, and in addition Dorgett has a $25,000 judicial lien on the debtor's interest in the property as a result of a property settlement award made by the D.C. Superior Court in proceedings relating to termination of the debtor's and Dorgett's common-law marriage. The debtor has claimed the full $7,900 amount of exemptions he is entitled to under § 522(d)(1) and (5), including the residence and other items of property, but he has not claimed more than that amount. Nor is there any question that the property in controversy is real property which the debtor uses as a residence.

■ Counsel for both parties apparently believe that, if there is no "equity" in the property, in the sense of an excess of value over other non-avoidable liens, then the debtor is not entitled to any exemption. However, that is not the law. *In re Chesanow*, 25 B.R. 228 (Bkrtcy.Conn.1982), is precisely on point. There, the court held that a debtor may claim an exemption as to property in which he has no equity in this sense. The court pointed out that the debtor's "aggregate interest" includes the right to possession, the right to redeem after default but prior to foreclosure (the "equity of redemption"), and the right to make mortgage payments in the future and thus create a future equity. These are substantial interests. The impairment of these interests would frustrate the Congressionally mandated fresh start that debtors are entitled to.

To the same effect as *Chesanow* are *In re Lovett*, 11 B.R. 123, 7 B.C.D. 585 (D.C. W.D.Mo.1981), *vacated on other grounds*, 23 B.R. 760 (D.C.W.D.Mo.1982); *In re Cole*, 15 B.R. 322 (Bkrtcy.W.D.Mo.1981); and *In re Kursh*, 9 B.R. 801, 7 B.C.D. 592 (Bkrtcy.W.D.Mo.1981) (collecting cases). *See also In re Brown*, 39 B.R. 83 (D.C.N.D. N.Y.1983). Indeed, the court's opinion in

*Kursh* cites and quotes from legislative history which demonstrates that (as to non-purchase money liens on household goods), Congress's chief concern was with cases in which there is no equity in the sense of excess of value over liens (9 B.R. at 804, quoting from H.Rep. No. 95–595, p. 127 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6088):

> ... If the debtor encounters financial difficulty, creditors often use threats of repossession of all the debtor's household goods as a means of obtaining payment.
>
> In fact, were the creditor to carry through on his threat and foreclose on the property, he would receive little, for household goods have little resale value. They are far more valuable to the creditor in the debtor's hands, for they provide a credible basis for the threat, because the replacement costs of the goods are generally high. The creditors rarely repossess, and debtors, ignorant of the creditor's true intentions, are coerced into payments they simply cannot afford to make.

Since § 522(f) makes no distinction in this regard between (1) judicial liens and (2) non-purchase money liens on household goods, it is apparent that lack of equity in the sense of excess value is equally unavailing as a defense to avoidance of a judicial lien as it is to avoidance of a non-purchase money lien. Moreover, in § 362(d) of the Bankruptcy Code, Congress used the word "equity" when it meant equity in the sense of an excess of value over liens, and in the same subsection it used the phrase "interest in property" to mean something else. Thus, this Court concludes that Congress no doubt intended the words "aggregate interest" in § 522(d) and (f) to include other interests than "equity" in the sense of excess of value over other liens.

■ According to the parties, the fair market value of the property is between $60,000 and $66,000. There is a first-trust lien against the property of $58,170, but the parties have not specified the date as of which this figure is accurate. The correct

date in a Chapter 7 case, such as this one, is the date the bankruptcy petition was filed. *In re Dvoroznak*, 38 B.R. 178 (Bkrtcy.C.D.N.Y.1984). (If the $58,170 figure is accurate as of a later date, then the petition-date figure would no doubt be somewhat higher, and there would be less equity in the property.)

Deducting the first-trust lien from fair market value leaves a fair-market-value equity of between $1,830 and $7,830. If, as Ms. Dorgett asserts and the debtor does not deny, he and she share equally in this equity because they are joint tenants,[1] his share of the fair-market-value equity would thus be from $915 to $3,915. His claim of exemption in the property, $4,256, is greater than his share of the equity. Therefore, his entire "aggregate interest" in the property can be claimed as exempt, because his "aggregate interest" does not exceed the statutory limit, and under 11 U.S.C. § 522(d)(1) he is entitled to exempt his "aggregate interest, not to exceed" the statutory maximum.

This result is even more apparent in view of the decision by Judge Whelan of this Court in the case of *In re Walsh*, 5 B.R. 239, 6 B.C.D. 793 (Bkrtcy.Dist.Col.1980). There, Judge Whelan held that, in a Chapter 7 liquidation bankruptcy case, such as this one, "value" (for purposes of a § 522(d) and (f) computation) means liquidation value, not full fair market value. Since liquidation value is bound to be substantially less than fair market value, it is obvious that in this case there is no liquidation-value equity at all in the property.

Since the debtor has not claimed an exemption he is not entitled to, Ms. Dorgett's objection to the debtor's claim of exemptions should be denied. Upon the debtor's filing of a motion to avoid the judicial lien, he will also be entitled to have that lien

---

1. The Court believes that counsel for the parties are in error on this point too, and that the correct method for determining the percentage of value owned by each of two equal-ownership joint tenants requires that the life expectancy of each of them be determined, in order to compute the likelihood that one will survive the other and thus become entitled to the whole of

avoided as to the subject property. An order overruling and denying the objection to the debtor's claim of exemption is being entered today.

the property after a certain period of years. In view of this Court's decision, however, the precise percentage does not matter. No matter whether 1% or 99% of the value were in the debtor, the result would be the same, in view of *In re Walsh*, 5 B.R. 239, 6 B.C.D. 793 (Bkrtcy. Dist.Col.1980), discussed in the text.