**In re Arthur E. HENNINGER formerly a/k/a Display Enterprises and Evelyn C. Henninger, Debtor(s).**

**Bankruptcy No. 84–12043 C.**

United States Bankruptcy Court, W.D. New York.

Sept. 3, 1985.

W. Rogers Flynt, Buffalo, N.Y., for debtors.

Lawrence C. Brown, Lipsitz, Green, Fahringer, Roll, Schuller & James, Buffalo, N.Y., for Jak-Pak, Inc.

Peter A. Muth, Hodgson, Russ, Andrews, Woods & Goodyear, Buffalo, N.Y., for Manufacturers & Traders Trust Co.

JOHN W. CREAHAN, Bankruptcy Judge.

The debtors above named have moved to avoid a number of judgment creditors' liens affixed to the debtors' residential real property. Also sought to be avoided is a mortgage lien in the amount of $5,000. The mortgage was given to the Erie County Department of Social Services. The avoidance of the liens is premised on the provisions of sections 522(f)(1) and 506(d) of the Bankruptcy Code.

■ The evidence indicates that the fair market value of the realty in question is $22,000. The property is subject to a first mortgage in the sum of $4,612.76 held by Empire of America, a second mortgage in the sum of $12,966.54 held by Manufacturers and Traders Trust Co. (M & T) (as per proof of claim filed by M & T), and a third mortgage, that held by the County of Erie in the sum of $5,000. In addition to its debt secured by the mortgage aforementioned, M & T is a judgment creditor on a second obligation in the sum of $32,616.57. M & T has filed a proof of claim with respect to the obligation secured by the mortgage recorded April 28, 1972. It has not filed a proof of claim with respect to the second obligation which was incurred August 19, 1976. Judgment on the second obligation was docketed May 4, 1982. M & T argues that this lien is not avoidable under section 522(f)(1) of the Code. It points out that this obligation was incurred prior to the effective date of New York's exemption statute, C.P.L.R. § 5206. It is correct. Chapter 181 of the Laws of 1977, § 2 provides: "This Act shall take effect ninety days after it shall have become a law, but shall not affect the application of property to the satisfaction of a money judgment for a debt contracted before it takes effect." The debt in question was clearly contracted before August 22, 1977, the effective date of the statute. N.Y.Civ. Prac.Law § 5206 (Consol.1978). M & T's judgment lien cannot be avoided under section 522(f)(1).

■ Jak Pak, Inc., one of the creditors whose judgment lien is sought to be avoided herein, raises the additional objection that, since the current balances of the three mortgages above mentioned exceed the value of the property in question, the debtors have no equity in their residential property. The creditor claims that equity is a predicate for the exercise of a homestead objection. In a case precisely on point, *In re Chesanow*, 25 B.R. 228 (Bankr. D.Conn.1982), Bankruptcy Judge Shiff held that such is not the law. This Court is persuaded that the decision in *Chesanow* is well reasoned. Judge Shiff points out that section 522(f) states that the debtors may " 'avoid the fixing of a lien on an *interest* of the debtor in property ...' (emphasis added)," and:

> [T]hat Congress intended to use the word "interest" in section 522(f). The word "interest" is not the substantive equivalent of the word "equity". Those words are not used interchangeably in the Code. *See In re Van Gorkom*, 4 B.R. 689, 690–91, 6 B.C.D. 541, 542 (Bkrtcy.D.S.D. 1980). The debtor may have an interest in property as to which he has no equity, as for example, the right of possession and the right to redeem. "While the equity is thus an 'interest', it is not necessarily the only interest of the debtor in the property" *In re Lovett*, 11 B.R. 123, 125 (W.D.Mo.1981); *see also In re Kursh*, 9 B.R. 801, 7 B.C.D. 592 (Bkrtcy.W.D.Mo. 1981).

*Id.* at 230. Satisfied that the debtor's interest in property is not extinguished by a lack of equity, the court in *Chesanow* concludes that those interests, including the right to pay down the mortgage and achieve an equity position in the future, are impaired by judicial liens and frustrate the debtor's congressionally mandated fresh start. *See also In re Ricks*, 11 B.C.D. 1341 (Bankr.D.D.C.1984).

The Court is satisfied that all judicial liens other than that held by M & T are avoided by operation of section 522(f)(1).

The debtors' motion further seeks to employ the provisions of section 506(d) to avoid the mortgage lien of Erie County and the judgment lien of M & T not avoidable under section 522(f)(1) for the reasons aforementioned. Section 506 contains provisions for determining the secured status of an allowed claim. Subsection (a) provides generally that a claim secured by a lien on estate property will be a secured claim only to the extent of the value of the property which the lien encumbers. The allowed claim will be unsecured to the extent that the claim exceeds the value of the

collateral. M & T has not filed a proof of claim with respect to the obligation of August 19, 1976, which underlies its judgment docketed May 4, 1982. The County of Erie has not filed a proof of claim on its mortgage debt. No other entity has filed a proof of either of these creditors' claims. 11 U.S.C. § 501.

Prior to the recent Bankruptcy Amendments and Federal Judgeship Act of 1984, the authorities were divided on whether the court could employ the lien avoidance provisions of section 506(d) absent a filed proof of claim. The minority view required that a proof of claim be filed before the court would give effect to the avoidance provisions of section 506(d). *In re Hotel Associates, Inc.*, 3 B.R. 340, 341 (Bkrtcy.E.D.Pa.1980). Most courts did not require that a proof of claim be filed. *In re Brager*, 28 B.R. 966 (Bkrtcy.E.D.Pa.1983); 3 Collier on Bankruptcy, ¶ 506.07 at 506–61 (15th ed. 1985). It is the minority view which has found expression in the 1984 amendments. *Collier, supra*, at 506–62. Section 506(d), as amended, now provides:

> § 506. Determination of secured status.
>
> . . . .
>
> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—
>
> (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
>
> (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

Accordingly, if no proof of claim is filed, the lien will survive the discharge of the claim. *Collier, supra*, at 506–62.

█ In that no proof of claim has been timely filed for the obligation of M & T or for that of the County of Erie, the lien of each of those creditors remains unaffected by the debtors' Chapter 7 case.

So Ordered.