**In re Morris Glenn GUNTER, and Clarissa Boehm Gunter, Debtors.**

**Morris Glenn GUNTER, and Clarissa Boehm Gunter, Plaintiffs,**

v.

**GMAC FINANCING CORPORATION, Defendant.**

**Bankruptcy No. 88–03910–NB. Adv. No. 89–0111–NB.**

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

May 23, 1989.

---

**312**

Dandridge H. Yon, for debtors.

The Legal Clinic of Stewart R. Gordon, Virginia Beach, Va., Carl A. Eason, Virginia Beach, Va., for defendant.

Charles L. Marcus, trustee for Chapter 7 Estate, Portsmouth, Va.

Debra F. Conlon, Asst. U.S. trustee, Norfolk, Va.

## OPINION

HAL J. BONNEY, Jr., Bankruptcy Judge.

Can the debtors avoid a judicial lien on their personal residence even if they have no equity in the property? Pursuant to 11 U.S.C. Section 522(f), the debtors seek to avoid a judicial lien on their residence held by GMAC Financing Corporation ("GMAC"). GMAC claims that 11 U.S.C. Section 522(f) applies only when the debtor possesses equity in the exempted property. It objects to the avoidance of its judicial lien on the debtors' property.

The debtors filed their Chapter 7 petition on December 12, 1988. On Schedule B–4 of their petition the debtors listed as "property claimed as exempt" a five dollar ($5) interest for each debtor in their personal residence. After a full evidentiary hearing this Court found that the debtor possessed no equity in their personal residence.

## ISSUE

Do the debtors, though having no equity, possess an "interest" in their residential property that allows them to avoid a judicial lien against the property pursuant to Section 522(f)(1) of the Bankruptcy Code?

## CONTENTIONS

The debtors asserted that they did have equity in the property. Each debtor claimed a five dollar homestead exemption for the property on the schedules of their Chapter 13 petition. The debtors offered evidence of their purchase price and the increase in the tax assessment value of the home since the year of purchase.

However, if the Court found otherwise, the debtors argue that 11 U.S.C. Section 522(f)(1) would nevertheless allow them to avoid a lien on the property obtained judicially. The debtors assert that the intent of Congress of affording the debtors a fresh start would be frustrated if the debtors would be precluded from avoiding the lien on their residence simply because there is no equity.

GMAC argues that 11 U.S.C. Section 522(f) would not apply since the debtors have no equity in the property. The creditor contends that the debtors simply have no interest in the property and therefore the judicial lien does not impair any homestead exemption. GMAC points out that the debtors only listed a five dollar interest each in the property and if the judgment lien was found to be avoidable under Section 522(f) it should only be avoidable up to the claim interest of five dollars for each debtor.

## LEGAL CONSIDERATIONS

A. Bankruptcy Code.

11 U.S.C. Section 522(f) provides:
Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien; ...

## B. Definition of "interest."

Since the debtors have no equity in their residence does it follow that they have no interest in the property that is being impaired by the judicial lien? In *In re Chesanow* the bankruptcy court examined the legislative intent behind the wording of subsection (f). In particular, the Court, facing a similar issue as the one before this Court, examined the use of the word "interest":

> It must be assumed that Congress intended to use the word "interest" in section 522(f). The word "interest" is not the substantive equivalent of the word "equity". Those words are not used interchangeably in the Code. The debtor may have an interest in property as to which he has no equity, ... "While the equity is thus an 'interest', it is not necessarily the only interest of the debtor in the property".

*In re Chesanow*, 25 B.R. 228, 230 (Conn. 1982).[1]

Bankruptcy Judge Alan Shiff in *Chesanow* concluded that Congress could have restricted lien avoidance under section 522(f) to any unincumbered portion of the debtors' property. Instead, it is apparent that Congress chose to allow debtors broader avoiding power. This analysis is consistent with the legislative history of section 522.

> Subsection (e) [enacted as subsection (f)] protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property. The debtor may avoid a judicial lien on any property to the extent

that the property could have been exempted in the absence of the lien ... S.Rep No. 989, 95th Cong., 2d Sess. 76, reprinted in 1978 U.S.Code Cong. & Admin. News 5787, 5862.[2]

In *Berrong*, the bankruptcy court for the District of Colorado follows the reasoning of *Chesanow* that the Congressional intent of the Bankruptcy Code and specifically Section 522 would be frustrated if a debtor with no equity in his residence was precluded from avoiding a judgment lien. Thus having no equity in his property does not conclusively determine that the debtor has no "interest" that is being impaired under subsection (f). Furthermore, the Court states:

> The phrase "interest of the debtor" is not so dispositively defined ... There is overwhelming authority supporting ... which holds that a lien may be avoided regardless of whether or not the debtor has an equity in the property.[3]

*In re Berrong*, 53 B.R. 640 (Bkrtcy.D.Col. 1985).[4]

## C. Exemptions

Section 522(f) of the Bankruptcy Code states that the debtor may be entitled to avoid the fixing of liens on an interest to the extent that the lien impairs an exemption provided for in subsection (b) of that section. Subsection (b) grants each state an option to either adopt a list of available exemptions according to Section 522(d) or to opt out and select its own alternative list of exemptions. 11 U.S.C. Section 522(b). The State of Virginia has chosen to adopt its own exemptions instead of utilizing

---

1. The last sentence was quoted from *In re Lovett*, 11 B.R. 123, 125 (D.C.W.D.Mo.1981); see also *In re Kursh*, 9 B.R. 801 (Bkrtcy.W.D.Mo. 1981); and *In re Van Gorkom*, 4 B.R. 689, 690–91 (Bkrtcy.D.S.D.1980).

2. Another well-reasoned analysis of the Congressional intent of 11 U.S.C. Section 522(f) was stated by the Honorable Clive W. Bare in *In re Farley*, 19 B.R. 868 (Bankr.E.D.Tenn.1982). Judge Bare concluded that this Section actually allows a debtor to create equity by avoiding nonpossessory, nonpurchase money liens.

3. The *Berrong* court cites the following cases to support this assertion: *In re Hill*, 4 B.R. 310 (Bankr.N.D.Ohio 1980); *In re Van Gorkum*, 4

B.R. 689 (Bankr.S.D.1980); *In re Kursh*, 9 B.R. 801 (Bankr.W.D.Mo.1981); *In re Mitchell*, 25 B.R. 406 (Bankr.N.D.Ga.1982); *In re Schmidt*, 36 B.R. 144 (Bankr.N.D.Ohio 1983); *In re Moyer*, 39 B.R. 211 (Bankr.N.D.Ga.1984); *In re Lillard*, 38 B.R. 433 (Bankr.W.D.Ark.1984); *In re Brown*, 734 F.2d 119 (2d Cir.1984) and *In re Hall*, 752 F.2d 582 (11th Cir.1985).

4. *Berrong* was followed in *In re Richardson*, 55 B.R. 526 (Bkrtcy.N.D.Ohio 1985) as well as being cited as authority in *In re Hermanse*, 84 B.R. 729 (Bkrtcy.D.Colo.1988) and *Joing v. O & P Partnership*, 82 B.R. 495 (D.Minn.1987).

those of Section 522(d). See Virginia Code Section 34–3.1.

This Court should examine the debtors' right to exemption according to the provisions of the Virginia Statutes. In *Cheeseman,* the Fourth Circuit stated that:

> Congress has the power under the Constitution to establish uniform bankruptcy laws, and has enacted a specific provision for exemptions, 11 U.S.C. Section 522. Therefore, a federal court must adopt an interpretation of Virginia's law with respect to exemptions that does not conflict with the Bankruptcy Acts's exemption provision.

See *Cheeseman v. Nachman,* 656 F.2d 60 (4th Cir.1981).

According to Virginia Statute, every householder or head of a family is entitled to hold exempt from levy, distress or garnishment, etc. on any demand for a debt or liability on contract on his real property and personal property up to the value of five thousand dollars ($5,000). Virginia Code Section 34–4. For Bankruptcy purposes, *each* debtor is entitled to the five thousand dollar exemption.[5]

## COURT FINDINGS

This Court finds that the best evidence of the value of the debtors' property was the recent tax assessment value of fifty-seven thousand, one hundred dollars ($57,100). The debtors property has a first mortgage lien on it for over sixty thousand dollars. Therefore, this Court concludes that the debtors presently possess no equity in the property. Notwithstanding their lack of equity in the property, this Court finds that the debtors have an interest that is impaired by the defendant's judgment lien.

In drafting subsection (f) of 11 U.S.C. Section 522, Congress did not intend for the word "interest" to necessarily be used interchangeably with the word "equity". Though the debtors presently have no equity in the property they have a possessory interest as well as an equitable right of redemption from a foreclosure sale. They also have a right to accumulate equity in the property by staying current in their mortgage payments and allowing the market value of the property to increase with time. Therefore, the lien is subject to avoidance under 11 U.S.C. Section 522(f)(1).

*The debtors' "fresh start" as provided by the Bankruptcy Code would be undermined by allowing the defendant's lien to subtly lie in ambush until after bankruptcy and suddenly, when the debtors accumulate equity, the defendant goes on the attack.* The intended benefit of the homestead exemption itself would be lost. Congress saw that protection for the debtor against this type of occurrence as essential to allowing them a fresh start. The Court notes that 11 U.S.C. Section 522(f) even provides that a waiver of the exemption would be rendered unenforceable for the purposes of lien avoidance.

The debtors opportunity for a fresh start will be frustrated unless they were entitled to avoid the defendants judgment lien up to the amount provided under Virginia Code Section 34–4 of five thousand dollars for each debtor. Therefore, the amount of the defendant's judgment lien against the debtor being only five thousand, one hundred and two dollars ($5,102), the lien should be avoided in its entirety.

## CONCLUSION

Pursuant to the provisions of 11 U.S.C. Section 522(f)(1) and in compliance with the legislative intent of this statute and the Bankruptcy Code, the defendant's judgment lien is hereby avoided in its entirety.

IT IS SO ORDERED.

---

5. A construction of Virginia law that allows only one householder per residence, would be inconsistent with Section 522(m) of the Bankruptcy Reform Act of 1978, 11 U.S.C. Section 101 et seq., which must be interpreted as allowing each debtor in a joint case to take some exemptions, whether the amount is determined by state or federal law. *Cheeseman v. Nachman,* 656 F.2d 60 (4th Cir.1981).