**In re Pat S. ZAICEK, Debtor.**

**Bankruptcy No. 18200124.**

United States Bankruptcy Court, W.D. Kentucky.

April 15, 1983.

Jeffrey R. O'Grody, Bowling Green, Ky., for debtor.

Joseph R. Kirwan, Bowling Green, Ky., for credithrift.

## ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

Before the Court are motions by the debtor to avoid a lien on exempt property pursuant to § 522(f) of the Bankruptcy Code and to redeem that personal property pursuant to § 722, with objections to these motions by the creditor, Credithrift of America. In contention is the security interest held by Credithrift for an installment loan in the amount of $3,625.00; a first mortgage on a 1973 Monte Carlo and a second mortgage on a mobile home.

A preliminary issue is whether the car or the mobile home are exempt property under Kentucky law. On March 17, 1982, the filing date of this Chapter 7 petition, Kentucky statute provided an exemption for "one motor vehicle and its necessary accessories, including one spare tire, not exceeding in the aggregate $1,500.00 in value." KRS 427.010.

However, the homestead exemption, KRS 427.060, was limited to real property, applying only to "... land, including the dwelling house and appurtenances ....," and precluding, by our interpretation, an exemption for a mobile home not permanently affixed to the realty. Accordingly, we conclude that the debtor may exempt only the 1973 Monte Carlo.

The second issue is whether Credithrift's lien on the personalty may be avoided. Section 522(f) of the Code provides:
"... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent such lien impairs an exemption to which the debtor would have been entitled to under subsection (b) of this section."
This provision permits lien avoidance only for exemptable property, which, as we have noted, does not include the mobile home.

Neither may the lien be avoided on the automobile. It is not "household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry...." and therefore lies beyond the reach of § 522(f).

The third and final issue is whether the debtor has the right of redemption regarding this property. Section 722, the redemptive provision of the Bankruptcy Code, is also limited to exemptable property, and therefore excludes the mobile home from our consideration. The car, however, may be redeemed for an amount equal to its present fair market value.

The record reveals an argument, but no evidence, as to the value of the 1973 Monte Carlo. We are unable to derive a redemption value without this market information. Therefore, we will by separate order sched-

ule an evidentiary hearing on the question of fair market value. The redemption price will be the value of the car as of the date of that hearing,[1] payable in cash,[2] which, when accomplished, will decrease the indebtedness to Credithrift by that amount.

---

1. *In re Pierce*, 5 B.R. 346 (Bkrtcy.D.Neb., 1980). See also *In re Mulkey of Missouri Inc.*, 5 B.R. 15 (Bkrtcy.W.D.Mo., 1980).

2. *General Motors Acceptance Corp. v. Bell*, 700 F.2d 1053 (6th Cir.1983).