**In re Leroy D. SMITH, Jr., and Debbie Smith, his wife, Debtors/Plaintiffs,**

**v.**

**AVCO FINANCIAL SERVICES CONSUMER DISCOUNT COMPANY ONE, Defendant.**

Bankruptcy No. 1–82–01072.

Adv. No. 1–83–0150.

United States Bankruptcy Court, M.D. Pennsylvania.

April 27, 1983.

David F. Tamanini, Harrisburg, Pa., for debtors-plaintiffs.

Murrel R. Walters, Mechanicsburg, Pa., for defendant.

MEMORANDUM

LIEN AVOIDANCE OF MOTOR VEHICLES

ROBERT J. WOODSIDE, Bankruptcy Judge.

On March 3, 1983, the debtor filed a complaint to avoid the defendant's security interest in their personal and household goods including a motor vehicle. In response, the defendant filed a timely motion to dismiss the complaint for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6). The defendant's motion contends that lien avoidance under section 522(f) of the Bankruptcy Code does not provide for the avoidance of a security interest in an automobile.

On or about May 10, 1982, debtors borrowed approximately $1,014 from the defendant. As security for the debt the debtors executed a security agreement granting to defendant a security interest in and to the debtors' personal property, consisting of household goods, furniture and a 1972 Pontiac motor vehicle. The borrowed money was not used to purchase any of the items

securing that indebtedness. The prayer of the complaint requests lien avoidance of the defendant's security interest in the debtors' personal and household goods.

The question before us is whether a motor vehicle is an item of personal property subject to lien avoidance under section 522(f)(2)(A). Section 522(f)(2)(A) of the Bankruptcy Code allows lien avoidance in pertinent part as follows:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> .    .    .    .    .
>
> (2) a nonpossessory, nonpurchase-money security interest in any—
> (A) household furnishings, household goods,

.    .    .    .    .

11 U.S.C. § 522(f)(2)(A) (1978). Shortly after the Code became effective, a bankruptcy court in the Eastern District of Pennsylvania was presented with that same question. Bankruptcy Judge Emil F. Goldhaber held that motor vehicles are not household goods based on his analysis:

> (T)hat the inclusion of the debtor's interest in a motor vehicle in § 522(d)(2), and the omission of any mention of a motor vehicle in § 522(f) reflects the Congressional intent and negates the debtor's argument that his motor vehicle should be treated as part of his household goods.

*Abt, Jr. v. Household Finance Company (In re Abt, Jr.),* 2 B.R. 323, 326 (Bkrtcy.E.D.Pa. 1980); *see also, Boozer v. Kennesaw Finance Co. (In re Boozer)* 4 B.R. 524 (Bkrtcy. N.D.Ga.1980).

More recently the term "household goods" has been construed to exclude motor vehicles by a Bankruptcy Court in New Mexico:

> The term "household goods" as used in 11 U.S.C. § 522(f)(2)(A) (1978) must be strictly construed and must include only those items necessary to the functioning of a household. *In re Ruppe (General Finance Corp. of Colorado v. Ruppe),* 3 B.R. 60, . . . Since the statute lists goods to be included within the meaning of "household goods", the statute necessarily must be narrowly construed *Ruppe,* supra.

*Martinez v. Government Employees Credit Union of El Paso (In re Martinez),* 22 B.R. 7, 8 (Bkrtcy.D.New Mexico 1982).

We agree with these well reasoned decisions which now serve as precedent for our decision. We conclude that no lien avoidance of the defendant's perfected security interest is available for the debtors with respect to their motor vehicles because it is not a household item under section 522(f)(2)(A). Therefore, we will grant defendant's motion to dismiss debtors' complaint for lien avoidance but only insofar as it pertains to their motor vehicle. An appropriate order will be entered.