**In re Charles and Beverly LILLARD, Debtor.**

**Bankruptcy No. FA 83–29F.**

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

March 12, 1984.

Terry D. Jones, Fayetteville, Ark., for debtors.

A.L. Tenney, Little Rock, Ark., trustee.

Constance Clark, Fayetteville, Ark., for creditor.

ORDER SUSTAINING CREDITOR'S
OBJECTION TO CONFIRMATION
OF CHAPTER 13 PLAN

ROBERT F. FUSSELL, Bankruptcy Judge.

Pending before the court is an objection to the confirmation of the debtors' joint Chapter 13 plan of arrangement filed by Westark Production Credit Association

(hereinafter "Westark"). The matter came on for hearing September 6, 1983. The following relevant facts are not disputed.

The debtors, Charles and Beverly Lillard, propose pursuant to their Chapter 13 plan to retain possession of a Datsun 310X automobile titled to "Charles or Beverly Lillard", the admitted value of which is $2900.00. The plan reveals that both debtors have claimed state exemptions, among which is a $1200.00 per debtor exemption in this automobile. They propose to apply these exemptions against the car's $2900.00 value and pay Westark the $500.00 difference over the life of the plan.[1] Westark

---

1. Ark.Stat.Ann. § 36–210 provides:

In accordance with the provisions of § 522(b) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(b)), residents of the State of Arkansas are prohibited from using the federal exemptions provided in § 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(d)), the applicable exemptions to be those permitted by the Constitution and laws of the State of Arkansas. [Acts 1981, No. 419, See. 1, p. 743]

Article 9. Section 1. Constitution of Arkansas provides:

The personal property of any resident of this state who is married or the head of a family, in specific articles to be selected by such resident, not exceeding in value the sum of Two Hundred Dollars ($200.00) in addition to his or her wearing apparel, shall be exempt from seizure on attachment, or sale on execution, or other process *from any court* issued for the collection of any debt *by contract; provided that no property shall be exempt* from *execution* for debts *contracted for* the *purchase money therefor* while in the hands of the venue.

Ark.Stat.Ann. § 36–211. Exemptions from execution under federal bankruptcy proceedings.

(a) The following property shall be exempt from execution under bankruptcy proceedings pursuant to Public Law 95–598:

(1) The unmarried debtor's aggregate interest, not exceeding Eight Hundred Dollars ($800.00) in value, and the married debtor's aggregate interest, not exceeding Twelve Hundred and Fifty Dollars ($1,250.00) in value, in real or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

(2) The debtor's interest, not to exceed Twelve Hundred Dollars ($1200.00) in one [1] motor vehicle.

(3) The debtor's aggregate interest in the debtor's or the debtor's spouse's wedding bands, including diamonds mounted thereon not exceeding one-half (½) carat in weight.

(4) The debtor's aggregate interest, not to exceed Seven Hundred and (Hundred and) Fifty Dollars ($750.00) in value in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor.

(b) The exemptions granted in subsection (a) of this Section shall be in addition to the present exemptions granted by Arkansas law as listed below:

(1) The personal property of an unmarried person or head of a family not exceeding Two Hundred Dollars ($200.00) in value in addition to such person's wearing apparel. (Article 9, Section 1)[,] Arkansas Constitution)

(2) The personal property of a married person or head of a family not exceeding a value of Five Hundred Dollars ($500.00) in addition [addition] to such person's wearing apparel. (Article 9, Section 2, Arkansas Constitution)

(3) Rural homesteads not exceeding one hundred and sixty (160) acres of land with improvements thereon, up to Twenty-Five Hundred Dollars ($2500.00) in value but in no event less than eighty (80) acres without regard to value. (Article 9, Section 4, Arkansas Constitution)

(4) The urban homestead not exceeding one (1) acre of land with improvements thereon, but not to exceed Twenty-Five Hundred Dollars ($2500.00) in value, but in no event to be less than one-quarter (¼) of an acre of land without regard to value. (Article 9, Section 5, Arkansas Constitution)

(5) The rural or urban homestead of a widow or surviving dependent children including the rents and profits from such homestead. (Article 9, Section 6, Arkansas Constitution)

(6) Sixty (60) days wages, not exceeding the limits imposed by Sections 1 and 2 of Article 9 of the Arkansas Constitution, but in no instance less than Twenty-Five Dollars ($25.00) per week. (Ark.Stat. 30–207)

(7) Proceeds of life, health, accident and disability insurance. (Ark.Stat. 30–208)

(8) State Police retirement benefits. (Ark. Stat. 42–458)

(9) Stipulated premium insurance benefits. (Ark.Stats. 66–4410)

(10) Mutual assessment insurance benefits. (Ark.Stat. 66–4514)

(11) Fraternal benefit society benefits. (Ark. Stat. 66–4718)

(12) Assets of delinquent insurer. (Ark.Stat. 66–48–20)

(13) Rights to unemployment benefits and benefits received but not mingled with other funds except for debts incurred for necessities furnished during the time of employment. (Ark.Stat. 81–1118)

(14) Worker's Compensation benefits. (Ark. Stat. 81–1321)

(15) Public Welfare Assistance grants. (Ark. Stat. 83–133)

has a nonpossessory nonpurchase money security interest in the vehicle. The debtors owe Westark more than $19,000 and the Datsun automobile is the only remaining security originally pledged against the indebtedness. The debtors owned the car prior to granting Westark a security interest, and it was but one of many items of collateral taken as security when Westark refinanced a loan on real property for the debtors. All other collateral has been returned to this creditor including a house and acreage and a pickup truck. The plan also calls for payment of $1,518.00 over the life of the plan to Westark as partial payment of the unsecured portion of its claim.

Westark asserts that the debtors should be required to relinquish the security or pay out the full $2,900.00 value of the collateral over the term of the plan. The creditor specifically argues that since the outstanding indebtedness exceeds the value of the car there is no equity to which the debtors' exemptions may attach and hence the automobile exemption is unavailable to them. Westark also contends that valid liens are preserved despite the claimed exemption by the debtors unless the lien can be avoided. They assert that the debtors have filed no motion to avoid Westark's valid lien and, even if such motion had been properly filed, the creditor contends that the subject lien is not one which may be avoided.

The debtors do not challenge the validity of Westark's lien nor have they filed a motion to avoid the lien but argue instead that they should be allowed to claim exemptions in the automobile even though they have no equity therein. They contend no equity is necessary because, pursuant to Arkansas' exemption statute, their "interest" in the first $1200.00 (or $2,400.00 for both) of value of the automobile is exempt from Westark's nonpurchase money security interest. They thus assert that their plan can be confirmed as proposed.

Upon a review of all the files and pleadings in this Chapter 13 proceeding as well as the briefs submitted by both parties the court concludes that Westark's objection to confirmation of the debtors' proposed Chapter 13 plan must be sustained. The court uniquely is not agreeing per se with the primary arguments of either side as set out above but relies on the plain language of the Bankruptcy Code in reaching its conclusion.

In the Bankruptcy Reform Act of 1978, Congress made a fundamental change in the approach to exempt property by providing that it first passes into the bankruptcy estate and then is exempted from it. Section 522(b) of the Bankruptcy Code authorizes an individual debtor to "exempt from property of the estate" either property specified in the new federal bankruptcy exemption list (11 U.S.C. Section 522(d)) or property exempt from execution under nonbankruptcy law.[2] The provision in the old

---

(16) All other benefits exempt by law but not specifically enumerated herein. [Acts 1981, No. 419, § 2, p. 743.]

**2.** 11 U.S.C. § 522 (Exemptions) of the Bankruptcy Code provides:
(a) In this section:
(1) "dependent" includes spouse, whether or not actually dependent; and
(2) "value" means fair market value as of the date of the filing of the petition.
(b) Notwithstanding § 541 of this title, an individual debtor may exempt from property of the estate either:
(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,
(2)(A) any property that is exempt under Federal law, other than subsection (d) of this

section, or State or local law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and
(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.
(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under § 502 of this title as if such claim had arisen before the commencement of the case, except—

(1) a debt of a kind specified in § 523(a)(1) or § 523(a)(5) of this title; or

(2) a lien that is

(A) not avoided under § 544, 545, 547, 548, 549, or 724(a) of this title;

(B) not voided under § 506(d) of this title; or

(C)(i) a tax lien, notice of which is properly filed; and

(ii) avoided under § 545(2) of this title.

(d) The following property may be exempted under subsection (b)(1) of this section:

(1) The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor.

(2) The debtor's interest, not to exceed $1,200 in value, in one motor vehicle.

(3) The debtor's interest, not to exceed $200 in value in any particular item, in household furnishings household goods, wearing apparel, appliances, books, animals, crops, or musical instruments, that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

(4) The debtor's aggregate interest, not to exceed $500 in value, in jewelry held primarily for the personal, family, or household use of the debtor or a dependent of the debtor.

(5) The debtor's aggregate interest, not to exceed in value $400 plus any unused amount of the exemption provided under paragraph (1) of this subsection, in any property.

(6) The debtor's aggregate interest, not to exceed $750 in value, in any implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor.

(7) Any unmatured life insurance contract owned by the debtor, other than a credit life insurance contract.

(8) The debtor's aggregate interest, not to exceed in value $4,000 less any amount of property of the estate transferred in the manner specified in § 542(d) of this title, in any accrued dividend or interest under, or loan value of, any unmatured life insurance contract owned by the debtor under which the insured is the debtor or an individual of whom the debtor is a dependent.

(9) Professionally prescribed health aids for the debtor or a dependent of the debtor.

(10) The debtor's right to receive

(A) a social security benefit, unemployment compensation, or a local public assistance benefit;

(B) a veterans' benefit;

(C) a disability, illness, or unemployment benefit;

(D) alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

(E) a payment under a stock bonus, pension, profitsharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless

(i) such plan or contract was established by or under the auspices of an insider that employed the debtor at the time the debtor's rights under such plan or contract arose;

(ii) such payment is on account of age or length of service; and

(iii) such plan or contract does not qualify under § 401(a) 403(a), 403(b), 408, or 409 of the Internal Revenue Code of 1954 (26 U.S.C. 401(a), 403(a), 403(b), 408, 409).

(11) The debtor's right to receive, or property that is traceable to

(A) an award under a crime victim's reparation law;

(B) a payment on account of the wrongful death of an individual of whom the debtor was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

(C) a payment under a life insurance contract that insured the life of an individual of whom the debtor was a dependent of the date of such individual's death, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor;

(D) a payment, not to exceed $7,500, on account of personal bodily injury, not including pain and suffering or compensation for actual pecuniary loss, of the debtor or an individual of whom the debtor is a dependent; or

(E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

(e) A waiver of exemptions executed in favor of a creditor that holds an unsecured claim against the debtor is unenforceable in a case under this title with respect to such claim against property that the debtor may exempt under subsection (b) of this section. A waiver by the debtor of a power under subsection (f) or (h) of this section to avoid a transfer, under subsection (g) or (i) of this section to exempt property, or under subsection (i) of this section to recover property or to preserve a transfer, is unenforceable in a case under this title.

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is

Act under Section 70(a) specifically excepting exempt property from the estate has been deleted, so that the estate is now compromised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. Section 541(a)(1). The committee reports of both Houses of Congress specifically point out:

Paragraph (1) [of 11 U.S.C. 541(a)] has the effect of overruling *Lockwood v. Exchange Bank*, 190 U.S. 294 [23 S.Ct. 751, 47 L.Ed. 1061] (1903), because it includes as property of the estate *all property of the debtor, even that needed for a fresh start.* After the property comes into the estate, then the debtor is permitted to exempt it under proposed 11 U.S.C. 522, and the court will have jurisdiction to determine what property may be exempted and what remains as property of the estate. [emphasis added]

S.Rep. No. 95–989, 95th Cong. 2d Sess. 82 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5868; H.Rep. No. 95–595, 95th Cong. 1st Sess. 368 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6324. Thus, Section 541 takes every possible "interest" of the debtor under consideration when the estate is created, but Section

(1) a judicial lien; or

(2) a nonpossessory, nonpurchase-money security interest in any

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or

(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

(g) Notwithstanding § 550 and 551 of this title, the debtor may exempt under subsection (b) of this section property that the trustee recovers under section 510(c)(2), 542, 543, 550, 551, or 553 of this title, to the extent that the debtor could have exempted such property under subsection (b) of this section if such property had not been transferred, if

(1)(A) such transfer was not a voluntary transfer of such property by the debtor; and

(B) the debtor did not conceal such property; or

(2) the debtor could have avoided such transfer under subsection (f)(2) of this section.

(h) The debtor may avoid a transfer of property of the debtor or recover a setoff to the extent that the debtor could have exempted such property under subsection (g)(1) of this section if the trustee had avoided such transfer, if

(1) such transfer is avoidable by the trustee under § 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under § 553 of this title; and

(2) the trustee does not attempt to avoid such transfer.

(i)(1) If the debtor avoids a transfer or recovers a setoff under subsection (f) or (h) of this section, the debtor may recover in the manner prescribed by, and subject to the limitations of, § 550 of this title, the same as if the trustee had avoided such transfer, and may exempt any property so recovered under subsection (b) of this section.

(2) Notwithstanding § 551 of this title, a transfer avoided under 544, 545, 547, 548, 549, or 724(a) of this title, under subsection (f) or (h) of this section, or property recovered under section 553 of this title, may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property under subsection (g) of his section or paragraph (1) of this subsection.

(j) Notwithstanding subsections (g) and (i) of this section, the debtor may exempt a particular kind of property under subsections (g) and (i) of this section only to the extent that the debtor has exempted less property in value of such kind than that to which the debtor is entitled under subsection (b) of this section.

(k) Property that the debtor exempts under this section is not liable for payment of any administrative expense except

(1) the aliquot share of the costs and expenses of avoiding a transfer of property that the debtor exempts under subsection (g) of this section, or of recovery of such property, that is attributable to the value of the portion of such property exempted in relation to the value of the property recovered; and

(2) any costs and expenses of avoiding a transfer under subsection (f) and (h) of this section, or of recovery of property under subsection (i)(1) of this section, that the debtor has not paid.

(*l*) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

(m) This section shall apply separately with respect to each debtor in a joint case.

522(b)[3] qualifies and limits that section by permitting the debtor to exempt certain property from the reach of Section 541.

The next step then is for the debtor to claim his exemptions. The Code provides that he may choose the exemptions under the Code listed in Section 522(d) unless the state wherein he resides has chosen to enumerate its own exemptions by specifically forbidding the use of the federal exemptions. Arkansas chose to "opt out" of the federal exemptions provided in 11 U.S.C. Section 522(d) by providing that an individual debtor who is a resident of the state of Arkansas is prohibited from using the federal exemptions provided in Section 522(d), the applicable exemptions to be only those permitted by the Constitution and laws of the State of Arkansas. Acts 1981, No. 419, Sec. 1, p. 743 See, Ark.Stat.Ann. Section 36–210 et seq., and Article 9, Section 1, Arkansas Constitution.[4]

Thus, under the new Code, the debtor may look to a specified list of possible exemptions and enumerate those he wishes to claim. Provisions of the Bankruptcy Code, however, also now require that a more careful analysis of the claimed exemptions be made where that "exemption" is encumbered. Ordinarily liens survive the bankruptcy, however Section 522(f) of the Code specifically permits a debtor to avoid judicial liens and certain nonpossessory, nonpurchase money security interests in certain types of exempt property notwithstanding any waiver of exemptions. Section 522(f) is not a separate exemption statute, but provides a limited mechanism for avoiding certain types of liens which impair an exemption that the debtor would have been entitled to receive under Section 522(b). See In Re Evans, 25 B.R. 105, 109–10 (Bkrtcy.N.D.Tex.1982).

Thus, whether Section 522(f) may be invoked by a debtor is dependent upon whether a debtor may be legally entitled to an exemption in and to that item of personal property under Section 522(b) and whether the item of personal property, encum-

bered by a lien which the debtor seeks to avoid, falls within the described categories of Section 522(f)(2).

■ Westark argues that the debtors' interest in the Datsun automobile includes only the debtors' equity in the property listed. The creditor argues that since the amount of its lien exceeds the value of the property the debtors have no "interest" in the property and hence nothing to which an exemption may attach. This court rejects that argument. If the court were to adopt the interpretation urged by Westark, 11 U.S.C. Section 522(f)(2)(A), providing for lien avoidance, would be a meaningless provision. The Arkansas provision exempting $1200.00 in value in one motor vehicle is identical in relevant part to the corresponding federal provision in 11 U.S.C. Section 522(d)(2). If the phrase "debtor's interest" in U.S.C. Section 522(d) outlining the federal exemption means only the debtor's equity, then a debtor could, under the federal scheme, avoid liens on property only to the extent the property was free of liens and Section 522(f) in the same section of the Code would be wasted verbiage. Likewise the court rejects as equally absurd the debtors' argument that they may claim all their state exemptions regardless of liens encumbering the exemptions.

■ The mere claiming of exemptions by the debtor does not relieve property from the operation of contractual pre-bankruptcy liens. See In Re Ray, 26 B.R. 534 (Bkrtcy D.Kan.1983), wherein that court stated at 547: "were it not for the fact that liens do survive exemption *unless avoided* by the sections mentioned in Section 522(c) or by Section 522(f) there would by no reason for a discussion of reaffirmation and lien enforceability." [emphasis added] See, also In Re Pierce, 29 B.R. 612 (Bkrtcy D.N.C. 1983).

Congress enacted 11 U.S.C. Section 522(f) to protect the certain of the debtor's property, his discharge, and ultimately his fresh start by permitting him to avoid cer-

---

**3.** See note 2, supra.

**4.** See note 1, supra.

tain types of liens on specifically enumerated exemptable property. H.R.Rep. No. 595, 95th Cong. 1st Sess. 362 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787. Congress looked to the practice of creditors with judicial liens and nonpurchase money security interests under the Bankruptcy Act and concluded that these creditors had an unfair advantage over the debtor. Congress intended that the debtor use the avoiding power under Section 522(f) of the Bankruptcy Code to eliminate this unfair advantage. See, in this regard, *In Re Hill*, 4 B.R. 310, 315 (Bkrtcy.N.D.Ohio 1980). See, also *In Re Kursh*, 9 B.R. 801, 803–04 (Bkrtcy.W.D.Mo.1981).[5]

Congress did not, however, decide that debtors could avoid nonpossessory, nonpurchase money security interests in *all* possible exemptions on the federal or the optioned state lists. Rather, Congress set out three specific categories of items under Section 522(f):

(A) household furnishings, household goods, wearing apparel, appliances, books, crops, musical instruments, or jewelry that are held primarily for their personal, family, or household use of the debtor or a dependent of the debtor;

(B) implements, professional books, or tools of the trade of the debtor or the trade of a dependent of the debtor; or (C) professionally prescribed health aids for the debtors or a dependent of the debtor.

■ Further, the fact that Arkansas has opted out of the federal exemption plan does not mean that an Arkansas debtor would not be empowered, pursuant to 11 U.S.C. Section 522(f), to avoid judicial liens and nonpossessory, nonpurchase money security interests in certain goods to the extent of the exemptions allowed under state law. The power to avoid liens against those interests specifically enumerated in Section 552(f) operates independently of a state's choice regarding its exemption scheme. *O'Malley vs. Rapidan River Farm*, 24 B.R. 900, 903 (D.C.E.D.Va.1982). See, also *Beneficial Finance Co. of Virginia Inc. vs. Rodgers*, 5 B.R. 761, 764 (Bkrtcy.W.D.Va.1980). See, generally, 3 Collier on Bankruptcy, Section 522.29 (15th 1979).

■ Thus, even though the debtors have no equity in the items they are attempting to claim exempt, they are entitled to claim the exemptions. The Code provides the method. The item must be among the enu-

---

**5.** The purpose of § 522(f) of the Bankruptcy Code is stated in the following excerpt from the House of Representatives Report:

In addition, the bill gives the debtor certain rights not available under current law with respect to exempt property. The debtor may void any judicial lien on exempt property, and any nonpurchase-money security interest in certain exempt property such as household goods. The first right allows the debtor to undo the actions of creditors that bring legal action against the debtor shortly before bankruptcy. Bankruptcy exists to provide relief for an overburdened debtor.

If a creditor beats the debtor into court, the debtor is nevertheless entitled to his exemptions. The second right will be of more significance for the average consumer debtor. Frequently, creditors lending money to a consumer debtor take a security interest in all of the debtor's belongings and obtain a waiver by the debtor of his exemptions. In most of these cases, the debtor is unaware of the consequences of the forms he signs. The creditor's experience provides him with a substantial advantage. If the debtor encounters fi-

nancial difficulty, creditors often use threats of repossession of all of the debtor's household goods as a means of obtaining payment. In fact, were the creditor to carry through on his threat and foreclose on the property, he would receive little, for household goods have little resale value. They are far more valuable to the creditors in the debtor's hands as they provide a credible basis for the threat, because the replacement costs of the goods are generally high. The creditors rarely repossess, and debtors, ignorant of the creditors' true intentions, are coerced into payments they simply cannot afford to make.

The exemption provision allows the debtor, after bankruptcy has been filed, and creditor collection techniques have been stayed, to undo the consequences of a contract of adhesion, signed in ignorance, by permitting the invalidation of nonpurchase money security interests in household goods. Such security interests have too often been used by overreaching creditors. This bill eliminates any unfair advantage the creditors have. H.Rep. No. 595, 95th Cong., 1st Sess. 126–7 (1977), U.S.Code Cong. & Admin.News 1978, p. 6087.

**440**

merated items, whether on the federal or state list. In the instant case the item is on the state list. The claimed exemptions, if encumbered, are then subjected to a further scrutiny before the debtor may claim the item free and clear of liens. Here the indebtedness owed the secured creditor is represented by a nonpossessory, nonpurchase money lien which far exceeds the value of the collateral. The Code addresses that eventuality in Section 522(f) and provides a method of avoiding certain types of liens on specific types of property in order that a debtor might claim free and clear certain enumerated, albeit encumbered, exemptions. A court, then, must look to the nature of the security to determine whether the nonpossessory, nonpurchase money lien may be avoided by the debtor. 11 U.S.C. Section 522(f)(2)(A) through (C).

■■■■■ The court reiterates its earlier observation that the debtors have made no attempt to avoid the subject lien and such step is a necessary prerequisite to returning the property free of liens to the debtors. See *In Re Ray, supra* and *In Re Kursh, supra.* That is not the case herein, but even if it was this court has spent sufficient time researching the subject to conclude that an automobile, unless it qualifies as a tool of the trade, lies beyond the reach of Section 522(f).[6] See *Smith v. Avco Financial Services,* 29 B.R. 345, 346 (Bkrtcy.M.D.Pa.1983); *In Re Zaicek,* 29 B.R. 31, 32 (Bkrtcy.W.D.Ky.1983); *In Re Martinez,* 22 B.R. 7, 8 (Bkrtcy.D.N.M.1982) and *In Re Abt,* 2 B.R. 323, 325 (Bkrtcy.E.D. Pa.1980). The creditor has raised this issue secondarily in its argument and the debtors have chosen not to respond. The court thus addresses the issue of lien avoidance and finds that the subject collateral, the Datsun automobile, lies beyond the reach of the lien avoidance provisions of the Bankruptcy Code.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that the objection to confirmation of the debtors proposed Chapter 13 plan be sustained. It is further

ORDERED that the debtors be given an additional 20 days from the date of the entry of this Order to modify their plan in accordance with the findings of this court set out hereinabove.

---

6. Cases have narrowly construed the meaning of "tool of the trade" when an automobile is the subject exemption. See, for example *In Re Kursh,* 9 B.R. 801 (Bkrtcy.W.D.Mo.1981). See, also *In Re Curry,* 18 B.R. 358 (Bkrtcy.N.D.Ga. 1982).