**In the Matter of Nickolas G. GANAKES, dba Nick's Fitness Center, Debtor.**

**Bankruptcy No. 87–1268–D.**

United States Bankruptcy Court, S.D. Iowa.

Jan. 11, 1988.

Rodney A. Wittkamp, Burlington, Iowa, for debtor.

D. Raymond Walton, for creditor.

Burton H. Fagan, Bettendorf, Iowa, Trustee.

## ORDER ON MOTION TO AVOID LIEN

LEE M. JACKWIG, Bankruptcy Judge.

On August 8, 1987 a telephonic hearing on a resistance to motion to avoid lien filed on behalf of Standard of Beaverdale, Inc. (creditor) was held before this court in Des Moines, Iowa. The debtor filed a motion to avoid the creditor's judicial lien on the exempt homestead on June 5, 1987. The creditor resisted the motion for the reason that the debtor has no equity in the property and therefore no interest on which to avoid the fixing of a lien pursuant to 11 U.S.C. section 522(f)(1). Rodney A. Wittkamp appeared on behalf of the debtor and D. Raymond Walton appeared on behalf of the creditor. At the time of the hearing the parties submitted authority in support of their positions and the court took the matter under advisement.

The sole issue for determination is whether a debtor must have equity in property before a judicial lien may be avoided pursuant to 11 U.S.C. section 522(f)(1). The six circuit courts that have addressed this issue are divided. Four of the circuits find that equity is a necessary prerequisite to lien avoidance. *See, Simonson v. First Bank of Greater Pittston,* 758 F.2d 103 (3rd Cir.1985); *In re Fitzgerald,* 729 F.2d 306 (4th Cir.1984); *In re McManus,* 681 F.2d 353 (5th Cir.1982); *In re Pine,* 717 F.2d 281 (6th Cir.1983). The remaining two circuits hold that a debtor is permitted to avoid the fixing of a judicial lien on property even if the debtor lacks an equity interest in the property. *See, In re Brown,* 734 F.2d 119 (2nd Cir.1984); *In re Hall,* 752 F.2d 582 (11th Cir.1985). The Eighth Circuit, of which the Southern District of Iowa is a part, has not ruled on this issue. Other bankruptcy courts in this circuit, however, have ruled that equity is not a necessary prerequisite to lien avoidance. *See Matter of Conkling,* 54 B.R. 972 (Bankr.N. D.Mo.1985); *In re VanGorkom,* 4 B.R. 689 (Bankr.D.S.D.1980); *In re Lillard,* 38 B.R. 433 (Bankr.N.D.Ark.1984). *See generally,*

*In re Bernstein,* 62 B.R. 545 (Bankr.D.Vt. 1986); *In re Berrong,* 53 B.R. 640 (Bankr. Colo.1985); *In re Richardson,* 55 B.R. 526 (Bankr.N.D.Ohio 1985). The language of 11 U.S.C. section 522(f) and applicable state law support the latter position.

The lien avoidance provisions of section 522(f)(1) provide:

> (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien;

The legislative history expresses Congress' intent to protect a debtor's ability to exempt property under section 522(d) or the parallel state exemptions by providing that a debtor may avoid any judicial lien "to the extent that the property could have been exempted in the absence of the lien." *See In re Brown,* 734 F.2d 119, 125 (2nd Cir.1984); H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977), *reprinted in* 1978 U.S.CODE CONG. & ADMIN.NEWS 5963, 6318; S.Rep. No. 989, 95th Cong., 2nd Sess. 76 (1978), *reprinted in* 1978 U.S.CODE CONG. & ADMIN.NEWS 5787, 5862. In the absence of the judicial lien in question, the extent to which a debtor may avoid the lien is governed by the allowable exemptions.

Iowa has elected to "opt out" of the federal exemption scheme and has mandated the use of its own state exemptions. Iowa Code section 627.10. Under Iowa law "[t]he homestead of every person is exempt from judicial sale...." Iowa Code section 561.16. The exemption provision contains no language limiting the right to claim only the unencumbered portion of property as exempt. Accordingly, under Iowa law the debtors may claim their homestead as exempt to the extent of its value. Pursuant to 11 U.S.C. section 522(f)(1), the creditor's judicial lien impairs the debtor's exemption and may be avoided.

THEREFORE, based on the foregoing discussion, the court finds that the debtor may avoid a judicial lien which impairs the homestead exemption even though the debtor lacks equity in the subject property.

WHEREFORE, the creditor's resistance to the debtor's motion to avoid liens is hereby overruled.