**In re Daniel BRANAS and Kerri Branas, Debtors.**

**Daniel BRANAS and Kerri Branas, Movants,**

v.

**UNITED STATES of America, FARMERS HOME ADMINISTRATION, and Mark A. Gregg, Trustee of the Bankruptcy Estate of Daniel Branas and Kerri Branas, Respondents.**

**Bankruptcy No. 92–0931–BM.**
**Motion No. 92–1935M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

July 28, 1992.

James R. Walsh, Spence, Custer, Saylor, Wolfe & Rose, Johnstown, Pa., for debtors/movants.

Robert J. Jenison, Office of the General Counsel, U.S. Dept. of Agriculture, Harrisburg, Pa., Mary Beth Buchanan, Asst. U.S. Atty., W.D. Pa., Pittsburgh, Pa., for U.S.

Mark A. Gregg, Johnstown, Pa., Office of U.S. Trustee.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Debtors seek, pursuant to 11 U.S.C. § 522(f)(2)(B), to avoid a nonpossessory,

nonpurchase-money security interest by Farmers Home Administration (hereinafter "FmHA") which impairs certain exemptions claimed by debtors. Debtors have claimed an exemption of $2,400.00 in a tractor pursuant to 11 U.S.C. § 522(d)(2) and seek to aggregate this particular exemption with other exemptions claimed pursuant to 11 U.S.C. §§ 522(d)(5) and (6).

FmHA objected on several grounds to debtors' attempt to avoid the lien which it has against the property.

Debtors' motion will be granted for the reasons set forth below.

## FACTUAL BACKGROUND

Debtors are dairy farmers and are husband and wife. They filed a voluntary chapter 7 petition in bankruptcy on March 2, 1992.

FmHA holds a nonpossessory, nonpurchase-money security interest in various items of farm equipment having a stipulated total value of $11,900.00.

Debtors have claimed all of the farm equipment as exempt pursuant to various provisions of the Bankruptcy Code and seek to avoid FmHA's lien on same. Debtors have claimed a combined exemption of $2,400.00 in the tractor pursuant to 11 U.S.C. § 522(d)(2) and a total exemption in the remaining equipment pursuant to 11 U.S.C. §§ 522(d)(5) and (6). According to debtors, the tractor which initially was characterized as a motor vehicle for exemption purposes, also may be characterized as a tool of the trade for lien avoidance purposes. Debtors seek to aggregate the exemptions claimed pursuant to 11 U.S.C. §§ 522(d)(2), (5), and (6) for purposes of lien avoidance pursuant to 11 U.S.C. § 522(f)(2)(B).

FmHA maintains that debtors are entitled to avoid its lien only to the extent of $9,800.00. Two arguments are raised in support of its position. It first argues that a tractor does not qualify as a motor vehicle for purposes of § 522(d)(2). Alternatively, FmHA argues that said tractor cannot be treated as a motor vehicle for exemption purposes and then as a tool of the trade for lien avoidance purposes.

## ANALYSIS

Several issues are presented here. The first issue is whether the tractor, which is jointly owned by debtors, may be exempted pursuant to 11 U.S.C. § 522(d)(2), which provides as follows:

The following property may be exempted under subsection (b)(1) of this section:

. . .

(2) the debtor's interest, not to exceed $1,200.00 in value, in one motor vehicle.[1]

FmHA objects to the exemption of the tractor pursuant to § 522(d)(2) on the ground that said tractor does *not* qualify as a motor vehicle. According to FmHA, the term "motor vehicle" should be restricted so as to include only automobiles, trucks, and the like. Debtors respond that the term "motor vehicle" should be given a more inclusive reading for purposes of § 522(d)(2). FmHA's argument is without merit.

The term "motor vehicle" is not defined anywhere in the Code. However, careful reading of Section 522 in its entirety strongly suggests that the term is *not* to be read restrictively in that context. Congress was explicit as to the scope of other terms in other paragraphs in subsection (d). For instance, § 522(d)(1) provides for an exemption of up to $7,500.00 in real or personal property and then specifies what kinds of personal or real property are included. Section 522(d)(10) provides for the exemption of benefits. Those benefits that may not be so exempted are specified. The absence of a list of types of vehicles which do or do not qualify as "motor vehicles" for purposes of § 522(d)(2) suggests that the term is supposed to be broadly construed. Had Congress intended otherwise, it presumably either would have specified those vehicles that are included or would have specified those vehicles that are excluded. It did neither.

---

1. Section 522(m) of the Code permits *each* debtor to claim an exemption of $1,200.00 in the tractor, provided that the exemption claimed for the tractor is otherwise permissible.

A tractor would seem to qualify as a "motor vehicle" in common parlance. Moreover, a tractor qualifies as such under the Motor Vehicle Code of Pennsylvania, which defines a "motor vehicle" as:

A vehicle which is self-propelled except one which is propelled solely by human power or electric power obtained from overhead trolley wire, but not operated on rails.

75 Pa.C.S.A. § 102 (Purdon's 1977). This definition, which encompasses a farm tractor and is consonant with common parlance, provides guidance here.

■ The second issue is whether the farm tractor, in addition to being a motor vehicle, can also be treated as a "tool of the trade" for purposes of lien avoidance pursuant to 11 U.S.C. § 522(f)(2)(B), which provides as follows:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien or an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section if such lien is—
. . . .
(2) any nonpossessory, nonpurchase-money security interest in any—. . . .
(B) Implements, . . . or tools, of the trade of the debtor. . . .

Debtors seek to characterize the tractor as a "tool of the trade" for purposes of this provision. In so doing, debtors seek to aggregate their "motor vehicle" exemption with certain other exemptions authorized by 11 U.S.C. § 522(d)(5) and (6). FmHA objects on grounds that a motor vehicle may not also be treated as a "tool of the trade".

FmHA's contention is without merit. Relevant case law has held that a motor vehicle may also be treated as a tool of the trade. *See In re Dempsey*, 39 B.R. 561, 563–64 (Bankr.E.D.Pa.1984); *also In re Dubrock*, 5 B.R. 353, 355 (Bankr.W.D.Ky. 1980). The reasoning of these cases appears to be sound and is applicable to the present case.

■ The final issue is whether debtors may "aggregate" their exemption pursuant to 11 U.S.C. § 522(d)(2) with their exemptions pursuant to 11 U.S.C. §§ 522(d)(5) and (6) [2]. FmHA's insistence that such aggregation is not permissible is without merit.

Aggregation of exemptions pursuant to 11 U.S.C. §§ 522(d)(1), (5), and (6) for purposes of lien avoidance is permissible. *See In re Augustine*, 675 F.2d 582, 586 (3d Cir.1982). The debtors in *Augustine* were permitted to exempt various items of farm equipment as "any property" pursuant to § 522(d)(5), and to aggregate that exemption with exemptions claimed pursuant to §§ 522(d)(1) and (6). Farm equipment may be treated as "any property" on the one hand, and as "tools of the trade", on the other.

FmHA concedes that such aggregation is permissible with respect to 11 U.S.C. §§ 522(d)(1), (5), and (6), but insists that it is not permissible with respect to §§ 522(d)(2), (5), and (6). FmHA cites to two cases in which courts have refused to permit debtors to so aggregate in order to avoid liens on motor vehicles. *See In re Martinez*, 22 B.R. 7 (Bankr.D.N.M.1982); *also Smith v. Avco Financial Services*, 29 B.R. 345 (Bankr.M.D.Pa.1983).

Reliance upon these latter cases is misguided. The present case is distinguishable from these cases in one critical respect. Debtors attempted in both cases to avoid a lien pursuant to § 522(f)(2)(A) rather than (B). Specifically, those debtors sought to categorize a motor vehicle also as a "household good". The courts in both cases properly determined that a motor vehicle did not also qualify as a household good. Debtors in the instant case seek to categorize the motor vehicle as a tool of the trade pursuant to § 522(f)(2)(B), not (A). There is no good reason in this case why debtors should not be permitted to aggregate their exemption pursuant to

**2.** FmHA does *not* object to debtors' claimed exemptions in the remaining farm equipment pursuant to 11 U.S.C. §§ 522(d)(5) and (6) and does not object to debtors' use of 11 U.S.C.

§ 522(f) to avoid FmHA's lien on these items. Its objection is limited to debtors' claimed exemption of the tractor as a motor vehicle and their attempt to avoid its lien in same.

§ 522(d)(2) with their other exemptions pursuant to §§ 522(d)(5) and (6) for purposes of lien avoidance pursuant to § 522(f)(2)(B). The rationale in *Augustine* applies with equal force to the aggregation of such exemptions for such a purpose.

Debtors' motion to avoid FmHA's lien to the extent of $11,900.00 will be granted in its entirety.

An appropriate order shall be issued.