**In re Carol CROCKETT.**

**Bankruptcy No. 96–44024 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Dec. 13, 1996.

---

Carol Crockett, pro se.

Lance Miller, Little Rock, AR, for Mary Marguerite Lineberger.

### ORDER GRANTING RELIEF FROM STAY

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the Motion for Relief from Stay filed by Mary Marguerite Lineberger on October 16, 1996, by which this creditor seeks relief from the automatic stay in order to pursue her state court remedies. The debtor responded by her attorney on October 24, 1996, and also responded by filing, pro se,[1] an "Amended Answer to Motion for Relief from Stay," on November 6, 1996, and a "Request to Add to the Record," on November 8, 1996. The Chapter 7 trustee also responded to the motion, on November 26, 1996, stating that since the debtor claimed the subject property as exempt, there was nothing for him to administer such that he did not oppose the motion.

Hearing on this matter was held[2] on December 3, 1996, at which time the debtor, counsel for the creditor, and the Chapter 7 trustee appeared. Again, the trustee indicated that as administrator of the bankruptcy estate, that he had no interest in the property. The debtor asserted that she wished to prove to the Court that the creditor is not the owner of the subject property. Thus, the debtor seeks to litigate the creditor's interest in the property.

When a debtor files a Chapter 7 bankruptcy case, all property and interest in property of the debtor becomes property of the estate, 11 U.S.C. § 541, subject to administration by the trustee. When a debtor exempts property pursuant to section 522, however, that property is removed from the estate and vests in the debtor. 11 U.S.C. § 522(b); *In re Hoffmeister,* 191 B.R. 875 (D.Kan.1996). Of course, this does not mean that the property is relieved from pre-bankruptcy liens or pre-bankruptcy orders issued by other courts. *See In re Lillard,* 38 B.R. 433, 438 (Bankr.W.D.Ark.1984). It has long been held that once the property is removed from the estate, and the trustee has declared that the estate has no interest in that property, there is no cause for the Court to exercise jurisdiction over that property or resolve disputes regarding that property. *See Zapalac v. White,* 9 F.Supp. 419 (S.D.Tex.1934). Since the trustee has no interest in the prop-

---

1. The debtor's attorney was subsequently permitted to withdraw.

2. The Court granted relief from stay in open court at the conclusion of the hearing, and, as customary, directed the creditor's counsel to prepare the Order. Although the Order in fact precisely and properly reiterates the Court's oral ruling, the Court prepares this Order.

erty, the asset will not be administered within the context of the bankruptcy case. Since the trustee has no cause to administer the asset, any disputes regarding that property have no impact upon the bankruptcy case. Rather, the debtor should present all of her arguments within the context of the pending state court litigation. The state court is singularly able and prepared to resolve lien and ownership disputes regarding the property.

In so ruling, there is no deprivation, as asserted by the debtor, of any right to due process. There is no specific right to litigate state court matters before the Bankruptcy Court. Rather, the debtor is afforded all of her rights to due process in state court. She may assert defenses, introduce evidence in support of her case, or, if the matter has proceeded to judgment, appeal the ruling of the state trial court. This Court will not determine issues already decided by another Court or make determinations over issues and property over which it has no jurisdiction.

**ORDERED:** Motion for Relief from Stay filed by Mary Marguerite Lineberger on October 16, 1996, is GRANTED.

**IT IS SO ORDERED.**